ATLANTIC GIANT POWDER CO. *v.* DITTMAR POWDER MANUF'G CO. and others.

*(Circuit Court, S. D. New York.   September 27, 1881.)*

1. INJUNCTION—CONTEMPT OF COURT.
    Disobedience to an injunction is none the less a contempt of court because the act is done in good faith, as not prohibited by the order, or under advice to that effect.
2. GLUKODINE.
    Glukodine is a mechanical mixture, not a new chemical compound

*Gifford & Gifford,* for plaintiff.
*Lexon & Huldane,* for defendants.

BLATCHFORD, C. J.   This is a motion for an attachment against the defendants, the Dittmar Powder Manufacturing Company and Carl Dittmar, for violating the preliminary injunction issued and served herein, by making and selling a blasting powder called "glukodine powder."   I am of the opinion, from the testimony, that what the defendants call glukodine is a compound made by a mechanical

mixture of nitro-glycerine with nitro-saccharose, (or nitrated sugar,) and is not a new chemical compound; that the constituent nitro-glycerine is shown to be separable, as such, from the constituent nitro-saccharose; and that the nitro-glycerine used is so combined with absorbents of it as to make a dry powder, safe to handle, transport, and use. The nitro-glycerine is so availed of as to produce practically the same effect as if it were not mixed with any nitro-saccharose. It is the explosive element in the powder. It is combined with a solid absorbent substance, "whereby," in the language of the specification of No. 5,799, "the condition of the nitro-glycerine is so modified as to render the resulting explosive compound more practically useful and effective as an explosive, and far more safe and convenient for handling, storage, and transportation, than nitro-glycerine in its ordinary condition as a liquid." The absorbent substance is, in the language of said specification, "free from any quality which will cause it to decompose, destroy, or injure the nitro-glycerine," and the absorbent absorbs and retains "a sufficient amount of nitro-glycerine to form an efficient explosive." The matter seems to be so free from doubt as not to fall within the cases where a new suit has been required to reach the article complained of. The absorbent is, in its use, an equivalent of the absorbent of the patent, and I see no doubt on the question of infringement. Disobedience to an injunction is a contempt of court. Rev. St. § 725. The injunction in this case forbade the making, using, or selling certain powders described in it, and any powder substantially like any of said designated powders, and any infringement of said patent. What the defendants did they did not do accidentally or unintentionally, but knowing fully what they did. They were, therefore, guilty of contempt. What they did is not the less legally a contempt because they did not think they were infringing, or were advised that they were not. Any question of *animus* can bear only on the extent of punishment. The patent is still in life. *De Florez* v. *Raynolds*, 17 Blatchf. 436.

The powders now passed upon are those known as No. 2, No. 3, No. 4, and No. 5. As to them an attachment must be issued.