# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1893.

### PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. WILLIAM A. JOHNSTON, } Associate Justices.
Hon. STEPHEN H. ALLEN,

---

THE STATE OF KANSAS v. C. LUND.

51  1
63  384

1. INFORMATION — *Verification.* Where an information is verified by the oath of a private person, it will be presumed, in the absence of anything to the contrary, that he has actual knowledge of the facts stated therein.

2. INSTRUCTION — *Refusal, not Error.* In such a case, and where there is no testimony to show that the complaining witness was without notice or knowledge of the facts stated in the information, the refusal of an instruction to the effect that the jury could not find the defendant guilty of any offense except such as the complaining witness had knowledge of at the time he verified the information is not error.

3. ———— *Conduct of Trial.* The appellant was charged with a misdemeanor. After the verdict was returned, a motion for a new trial was filed by him, in which several grounds were alleged why the verdict should be set aside. Appellant and his counsel were present in court when this motion was presented and overruled by the court. Immediately after the denial of the motion the judgment was pronounced. The entry of judgment does not affirmatively show that the court informed the defendant of the verdict of the jury or made inquiry as to whether he had any legal cause to show why judgment

1—51 KAS.

should not be pronounced against him after the overruling of the motion for a new trial. *Held,* Not to be material error.

4. VERDICT, *Sustained.* The evidence is found to be sufficient to sustain the verdict.

*Appeal from Harper District Court.*

LUND was convicted of unlawfully selling intoxicating liquor. He appeals. The opinion, filed March 11, 1893, states the facts.

*Sam. S. Sisson,* and *Geo. W. Finch,* for appellant:

1. The verdict and judgment are contrary to law, and are not supported by the evidence.

2. The court erred in not allowing the defendant a full and fair cross-examination of the witnesses for the state.

3. The information in this case was sworn to by Isaac Case, and was not sworn to nor verified in any other manner. Appellant asked the court to instruct the jury that the defendant could not be convicted of an offense except some offense of which the complaining witness, Isaac Case, had notice or knowledge at the time he verified the information. This instruction was refused. This instruction should have been given, and the jury should have been allowed to pass on this question, or the state should have been required to show in some manner that the defendant was not being convicted of an offense of which the prosecuting witness had no knowledge nor information at the time he swore to the complaint. *The State v. Brooks,* 33 Kas. 708.

4. The motion of defendant for a new trial should have been sustained, and a new trial granted.

5. The defendant was sentenced to pay a fine of $500, and stand committed to the jail of Harper county for a period of 30 days, and until such fine and the costs were paid. Appellant contends that this judgment is void. The statutes require that, before judgment is rendered on a verdict of guilty against a defendant; the court must inform the defendant of the verdict of the jury and ask whether he has any legal cause to show why judgment should not be pronounced

against him. The record does not show that this was done in this action, and for this reason the judgment is void. Gen. Stat. of 1889, ¶ 5316; *The State v. Jennings*, 24 Kas. 642; *The State v. Brooks*, supra.

*T. J. Beebe*, county attorney, for The State:

1. The real question presented is the question as to which of the conflicting statements is entitled to credence, and this is "a question exclusively for the jury;" and, in the language of this court itself, "upon a question of fact, based upon contradictory testimony, the verdict of a jury is conclusive in this court." *The State v. Stackhouse*, 24 Kas. 445.

2. Great latitude should be allowed in cross-examination of witnesses by counsel for defendant in a criminal action. We urge that the questions asked by counsel were, as the state objected and the trial court held, irrelevant and immaterial.

3. Counsel for appellant cite the case of *The State v. Brooks*, 33 Kas. 708, which is itself a refutation of counsel's argument in support of the proposition that "the state should have been required to have in some manner shown that the defendant was not being convicted for an offense of which the prosecuting witness had no knowledge nor information at the time he swore to the complaint."

4. We ask this court to peruse the instructions given by the trial court for the government and guidance of the jury, feeling confident that a perusal of them will convince this court that they are correct and sufficient.

5. In *The State v. Jennings*, 24 Kas. 642, cited by counsel for appellant in their fifth assignment of error, the defendant, Jennings, was charged with the commission of murder in the first degree, a charge necessarily including a number of minor offenses, upon any one of which the jury might, if warranted by the evidence, find the defendant guilty. Between the case at bar and the case cited, there is no analogy in respect to the offense charged in each case being an offense which necessarily includes within its compass offenses of inferior degree.

Lund was charged with the commission of a misdemeanor, and convicted of the commission of a misdemeanor. Under the law, he could not have been convicted of any offense inferior to that charged. When the jury returned into court, and when the verdict of "guilty" was read by the clerk, and when sentence was pronounced by the court, the defendant was present in person and by counsel. We urge that appellant has not, in this case, and in this respect, suffered from any error, recorded or unrecorded, prejudicial or otherwise.

The opinion of the court was delivered by

JOHNSTON, J.: This was a prosecution for the unlawful sale of intoxicating liquor, which resulted in the conviction of C. Lund, the appellant. The punishment imposed was imprisonment for 30 days, and the payment of a fine of $500.

Several grounds of error are assigned for reversal, but there is little of merit in any of them. The first, that the verdict is unsupported by the evidence, does not require much attention. The appellant was engaged in the drug business, and was charged with an unlawful sale of intoxicating liquor on the 29th of May, 1892. There was testimony of a sale made on that day, and the state elected to rely upon a sale made to one Frank Case, who gave clear and positive testimony that he purchased a half pint of whisky from the appellant at that time. He was contradicted by the appellant, but the jury chose to believe the former, and a verdict based on such conflicting testimony will not be disturbed. There is some other corroborative testimony, however, which tended to show that the appellant was engaged in the unlawful sale of intoxicating liquors.

The complaint that a full cross-examination of this witness was not allowed is without justification. There was no undue restriction of the examination as to any matter material to the case. The information was verified by a private citizen, who swore positively that the allegations contained in the same were true.

The appellant requested an instruction to the effect that the

jury could not find the defendant guilty of an offense except such as the complaining witness had notice or knowledge of at the time he verified the information. This was refused by the court, and the refusal is assigned as a ground of error. There is no testimony in the record, however, upon which to base such an instruction. The prosecuting witness who verified the information did not testify in the action, nor was there any testimony to show that he did not have notice or knowledge of the facts stated at the time the information was verified. As stated in the case of *The State v. Brooks*, 33 Kas. 712, "it must be presumed, in the absence of anything to the contrary, that he has such actual knowledge. It cannot be supposed that he makes oath to an offense of which he has no knowledge."

The final contention is, that the judgment was void because it does not affirmatively show that the court informed the defendant of the verdict of the jury and inquired whether he had any legal cause to show why judgment should not be pronounced against him before it was rendered. *The State v. Jennings*, 24 Kas. 642, is cited to sustain the contention. The case cited does not apply, nor is there anything substantial in the objection. The appellant was charged with a misdemeanor, and the personal presence of the defendant during the trial upon such a charge is not absolutely required. More than that, it appears that the defendant and his counsel were informed of the verdict, as is shown by his motion for a a new trial, in which he sets up grounds why the verdict should be set aside and judgment should not be given against him. This motion was made prior to the rendition of the judgment, when the defendant and his counsel were present in court, and immediately after overruling his application the judgment was pronounced. It thus appears that the defendant was fully informed of the verdict, made his objections thereto, and has no good ground for complaint.

We find no error in the record, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.