The State v. Hargis.

---

THE STATE OF KANSAS, *Appellee*, v. J. C. B. HARGIS,. *Appellant*.

No. 17,633.

HEADNOTE BY THE REPORTER.

1. INFORMATION—*Indorsing Names of Witnesses*. It is not error· to permit the county attorney to indorse the names of additional witnesses on the information two days before the trial..

2. —— *Knowledge of Complaining Witness — Instructions*. Where there is no evidence that the complaining witness was without information of the facts stated, the court properly refused an instruction that the jury could only find the defendant guilty of offenses concerning which the complaining· witness had knowledge when the information was filed.

Appeal from Barber district court. Opinion filed: November 11, 1911. Affirmed.

*T. A. Noftzger,* for the appellant.

*John S. Dawson,* attorney-general, *Seward I. Field,* county attorney, *A. L. Noble,* and *J. N. Tincher,* for the appellee.

*Per Curiam:* In his application to indorse upon the information the names of witnesses Whipple, Summers and Johnson, the county attorney stated to the court that he was not aware when the information was filed that they were material witnesses. The names were indorsed two days before the trial. The court might, in its discretion, have granted the order at that time without requiring any reasons to be stated. Moreover, the appellant fails to show that he suffered any prejudice. At the trial the county attorney testified that when the information was filed he had knowledge of the sale to witness Summers. This was one of the sales upon which the state elected to rely and upon which the appellant was convicted. The principal errors complained of are that the court should not have permitted the testimony of Summers to go to the jury and should have instructed them to disregard any evidence concerning sales which were not within the mind of the prosecuting attorney when the information was filed. The county attorney's statement to the court at the time the information was amended, not having been made at the trial nor in the presence of the jury, can not affect the instructions given. Since nothing that occurred at the trial indicated the contrary, the presumption is that the county attorney had these sales in mind when the information was filed. He was not asked with reference to his information concerning any sale except the one to Summers.

The information was sworn to positively, and its scope was not limited or controlled by the fact that it was accompanied by a bill of particulars. (*The State v. Whit,* post, p. 875, 65 Pac. 234.) There being no tes-

timony showing that the complaining witness was without information of the facts stated, the court properly refused to instruct that the ,jury could only find the defendant guilty of offenses concerning which the complaining witness had knowledge when the information was filed. (*The State v. Lund*, 51 Kan. 1, 32 Pac. 657.) There was ample evidence to warrant the instruction relating to shifts or devices to evade the terms of the prohibitory law.

We find no error in the record, and the judgment is affirmed.