WILLIAM MURPHY, Complainant, v. ROBERT M. WRIGHT, Judge of the Eleventh Judicial District of Iowa, Respondent.

Contempt: REVIEW ON CERTIORARI: PREJUDICE OF COURT: EVIDENCE.
1  Where the trial court has jurisdiction of contempt proceedings and the evidence is sufficient to support its findings, its judgment will not be disturbed on certiorari because of the alleged existence of any prejudice, bias or improper motive which the person charged

with the contempt may believe influenced the decision. In the instant case court adjourned for noon recess after the parties had offered their evidence, after which leave was granted complainant to offer additional evidence. During the interim the presiding judge, believing the evidence required him to hold the complainant guilty of contempt, unless the additional testimony changed the situation, prepared a form of entry to be used if necessary. The form was in fact used, but its use was proper and cannot be said to indicate prejudice.

**Same:** MISCONDUCT OF JUROR: EVIDENCE. Trial courts are charged with the duty of protecting jurors from even a fair suspicion that their verdicts have been affected by improper influences; and where it appeared that a member of the panel stated during a trial for murder that he did not think defendant ought to go to the penitentiary, was also seen in company with friends of defendant, and in a saloon with a brother and a witness for defendant, the court was justified in adjudging him guilty of contempt.

**Same:** SUFFICIENCY OF CITATION: EVIDENCE. Although the citation in contempt proceedings issued to a juror was not as full and specific as the charge made against him in the application and affidavits supporting it, still if he was apprised thereby that his conduct as a juror was being investigated, it was sufficient, the complaint and affidavits being a part of the record and the inquiry being confined to the matters therein disclosed. And even though he could not be punished for acts prior to the time he was drawn on the jury, yet evidence of the same was admissible as tending to explain and give color to the acts complained of.

*Certiorari from Webster District Court.*

TUESDAY, OCTOBER 6, 1914.

AN original proceeding initiated in this court to review an order or judgment of the district court of Webster county, Hon. R. M. Wright presiding, by which complainant was found guilty of contempt of court. The facts, so far as they are essential to a disposition of the case are stated in the opinion. Writ dismissed.

*Mitchell & Fitzpatrick,* for complainant.

*Healy, Burnquist & Thomas,* for respondent.

PER CURIAM.—The complainant was a member of the panel of trial jurors in the district court of Webster county for the January, 1914, term thereof, and as such was selected and served as a juror in the trial of a certain criminal case, entitled the State of Iowa v. John Cunningham, in which the defendant was charged with having committed an assault with intent to murder. After the jury had been impaneled, and pending the trial of the said cause, the county attorney made formal complaint and application to the court, alleging that before Murphy was accepted and sworn as a juror he was duly examined as to his qualifications, and stated that he had never formed or expressed any opinion of the merits of the case, and had no prejudice or bias in the matter. It was further alleged that since the impaneling of the jury it had come to the knowledge of the prosecutor that Murphy, very shortly before being selected as a juror in said cause, had expressed his opinion thereof in favor of the defendant, and had declared that the defendant ought not to be convicted and sent to the penitentiary. It was also further charged that after being selected as a juror in the case, and pending the trial thereof, said Murphy had been in intimate association with one Steve Cunningham, a brother of the defendant, and one Cain, a witness for defendant, and that they visited the saloons together and drank together in a manner prejudicial to the dignity and authority of the court. Because of such alleged misconduct of the juror the county attorney asked that the trial be suspended, an investigation had, and such order entered as should appear proper and just in the premises. The application was supported by the affidavits of several parties. Thereupon a citation was issued to the said Murphy, notifying him of the charge that, while a juror in said cause, he had improperly associated with the brother and other personal friends of the defendant, had visited a saloon with them and drank with them, and had otherwise misconducted himself as a juror, and ordering him to appear and show cause why he should not be adjudged

guilty of contempt of court. Thereupon the complainant entered an appearance by counsel and filed a written answer denying the allegations made against him. The issue thus made was heard upon the testimony of witnesses taken in court, and at the close of the hearing the court held the respondent to be in contempt, assessed a fine of $30 against him, and thereupon dismissed him from further service as a juror. This proceeding is instituted to review and set aside the order and judgment below, on the ground that the trial court exceeded its jurisdiction and the judge thereof acted illegally in the following particulars: First, that the court heard and considered alleged misconduct other than such as was set forth in the citation requiring him to show cause; second, that there was no evidence on which complainant herein could rightfully or lawfully be adjudged guilty of contempt; and third, that the finding and judgment against the complainant were influenced by the prejudice of the presiding judge who, it is alleged, had prepared his findings, and judgment before complainant had completed the taking of his testimony.

I. Taking these objections in the reverse order of their statement, we have to say that the alleged prejudice of the trial judge is something of which this court can take no cognizance in a certiorari proceeding. If the court below had jurisdiction of the contempt proceeding (which cannot seriously be questioned), and had any evidence before it on which its finding of fact can be sustained, its judgment cannot be disturbed by us on certiorari because of the alleged existence of any prejudice or bias or improper motive which the person charged with such contempt may think or believe influenced the decision. *Polk Co. v. Des Moines*, 70 Iowa, 351; *Tiedt v. Carstensen*, 61 Iowa, 334; *Iowa Med. Coll. v. Schrader*, 87 Iowa, 659.

1. CONTEMPT: review on certiorari: prejudice of court: evidence.

We may add, however, that an examination of this record discloses no sufficient ground for the charge of unfairness on the trial. It seems that the parties had respectively offered and concluded their evidence, after which, at the request of

the complainant, he was granted leave to offer certain additional testimony which had been overlooked or was newly discovered. Before this additional testimony was put in, the court adjourned for the noon hour, and during the interim the presiding judge, believing that the evidence required him to hold the complainant guilty of contempt unless the additional testimony thereafter to be offered should sufficiently relieve him therefrom, prepared a form or memorandum of entry to be used should it become necessary. The form was in fact used after all the testimony was introduced. The incident was not an unnatural or improper one, and carries with it no necessary inference of bias or prejudice.

II. Nor is the objection that the judgment is without support in the evidence borne out by the record. There was evidence fairly tending to show that after complainant had been summoned as a member of the jury panel, and very shortly before he was, selected as a juror in the Cunningham case, he had discussed said case with another person, and declared that no jury of twelve men would convict Cunningham of murder, for the reason that he did not use a weapon on the prosecuting witness, and that he didn't think Cunningham ought to go to the penitentiary. It further tended to show that while the trial in that case was still pending, the complainant was seen engaged in talking with Steve Cunningham in a local drug store; that the two left the drug store together, went across the street, and together entered a liquor saloon. In the saloon he was seen with Cunningham, the brother of the defendant, and Cain, one of the defendant's witnesses, and Cain invited Cunningham and Murphy to drink with him, and they started toward the bar together. Each of these parties admitted their presence in the saloon, and that they drank there, but denied that they drank together, though the testimony of Cain is of such indefinite and contradictory character as to have much the effect of an admission. It is true that the juror denied most of the matters testified to

2. SAME: misconduct of juror: evidence.

against him, but the trial court appears to have been convinced of the truth of the charge, and he was in much better position to properly estimate the veracity and credibility of the witnesses than we are, and we think it is not within our province to say that the witnesses for the state were not to be believed, or that there was any such lack of evidence as to render the judgment entered either illegal or void. The trial courts are charged with the duty and necessity of guarding their proceedings against everything which interferes, or tends to interfere, with the due and orderly administration of justice, and especially to protect their jurors from even the fair suspicion that their verdicts have been affected by improper influences. No juror, however honest of purpose, can properly expose himself to such suspicion by intimate association, pending a trial in which he is engaged, with one of the parties or with a party's close relatives, witnesses, and cronies; and, if he does so, we think the court ought not to be held to exceed its rightful powers in adjudging him to be in contempt. There is no such lack of evidence here as will justify us in holding the judgment invalid.

III. It is quite true that the citation issued to the juror is not as full and specific as the charges made against him in the county attorney's application and the affidavit support-

3. Same: sufficiency of citation: evidence.

ing it. We are, however, inclined to the view that the defendant was sufficiently apprised that his conduct as a juror in that case was being investigated. The complaint and affidavits were there a part of the record, and the inquiry before the court did not go beyond the lines thus disclosed. But even if it should be thought the juror could not be properly punished in this proceeding for his conduct prior to his being drawn upon this particular jury, the testimony objected to was still admissible as tending to explain and give color to his alleged misconduct thereafter. The court had undoubted jurisdiction of the charge of contempt. It was its duty to pass upon the questions of fact presented, its conclusion therein is fairly sup-

ported by the evidence, and the writ of certiorari must be, and it is—*Dismissed.*

All the Justices concurring.