[No. 2106, May 8, 1919.]
## STATE v. KAYSER.

### SYLLABUS BY THE COURT.

1. Where the accusation in a contempt proceeding is in positive terms and there is nothing in the record to show that

the affiant did not have personal knowledge of the facts set forth in the accusation, the fact that the affiant did not testify as a witness in the case, and that the evidence did not affirmatively show knowledge on his part of such facts, will not divest the court of jurisdiction.     P. 250

2.     Where an information in a contempt proceeding is verified by the oath of a private person, it will be presumed, in the absence of a showing to the contrary, that he has actual knowledge of the facts stated therein.     P. 251

3.     The trial court has the power to punish as for contempt and bribery intimidation, or unlawful interference with a witness in a case on trial before such court, until the trial of such case has been concluded, and it is no longer possible for such witness to affect the result of the trial by changing his testimony or giving further testimony in the case.     P. 251

4.     A constructive contempt is an act done, not in the presence of the court, but at a distance, which tends to belittle, to degrade, or to obstruct, interrupt, prevent, or embarrass the administration of justice.          P. 252

5.     It is contempt of court for a person, by intimidation or other unlawful means, to attempt to procure such witness to testify in a case contrary to evidence previously given by such witness.     It is not the fact, or the truth of a given fact, which such a party desires a witness to testify to, but the unlawful and unwarranted interference with the witness and the course of justice, which brings punishment upon the head of the offender.     P. 252

6.     The determination as to whether a contempt has been committed does not depend upon the intention of the party, but upon the act which he has done.     P. 255

7.     Courts are for the purpose of and it is their fundamental province to administer justice between parties according to the facts established in a given case, and to receive from such witnesses their own conception of the facts of any case, without let or hindrance from any person.     It is the interference with the witnesses and the attempt to influence them as to their testimony that constitutes the offense.     P. 256

8.     Trial courts are charged with the duty and necessity of guarding their proceedings against everything which interferes, or tends to interfere, with the due and orderly administration of justice.     P. 256

9.     Disclaimer of intentional disrespect or design to embarrass the due administration of justice is, as a rule, no excuse, especially where the facts constituting the contempt are admitted, or where a contempt is clearly apparent from the circumstances surrounding the commission of the act.     P. 258

Appeal from District Court, Torrance County; E. L. Medler, Judge.

Affidavit or information by the State of New Mexico against Augustin Kayser for contempt of court. Demurrer to affidavit or information overruled, and motion to discharge the rule overruled, and defendant found guilty and sentenced to jail, and from the judgment and sentence, he appeals. Affirmed.

E. R. WRIGHT, of Santa Fe, for appellant. J. J. KENNEY, of Santa Fe, of counsel.

Court was without jurisdiction because there was not sufficient information or affidavit of person having knowledge of the facts to support the proceeding.

In re Dorothy P. Fullen, 17 N. M. 349; 22 Cyc. 283; Snyder v. State, 552 N. E. 152; 2 L. R. A. (N. S.) 603, note; 22 Cyc. 282; State v. Lund, 32 Pac. 657; State v. Hayward, 83 Mo. 299; State v. Storts, 1 S. W. 288; U. S. v. Tursaud, 20 Fed. 521; State v. Davison, 46 Mo. App. 9; State v. Luman, 2 Mo. App. Rep'r 1337.

The affidavit fails to charge that appellant wilfully, knowingly and with intent committed any act which was sufficient to constitute contempt. Heard v. Gallaway, 51 Ga. 314; Lightfoot v. Freeman, 54 Ga. 215; Dinet v. People, 73 Ill. 183; Weeks v. Smith, 3 Abb. Prac. 211; In re Bergh, 16 Abb. Prac. 211; In re Moore, 63 N. C. 397; 9 Cyc. 25-26, and cases cited.

The offense must be such as is recognized under the common law. People v. Stapleton, 23 L. R. A. 787; 4 Black. Com. C. 283; Ex parte McGown, 2 L. R. A. (N. S.) 603; Ex parte Senior, 32 L. R. A. 133; People v. Kelly, 24 N. Y. 74.

The appellant purged himself of the contempt. In re Bergh, 16 Abb. Prac. 211; 9 Cyc. 255, 26; 10 Cent. Dict. Contempt 174; Weeks v. Smith, 3 Abb. Prac. 211; In re Moore, 63 N. C. 397; Heard v. Gallaway, 51 Ga. 314; Lightfoot v. Freeman, 554 Ga. 215; Dinet v. People, 73 Ill. 183.

C. A. HATCH, Asst. Atty. Gen., for the State.

Court acquired jurisdiction in first instance and sub-sequent. disclosure that complaining witness did not have actual knowledge of fact stated in affidavit did not divest court of its jurisdiction. Hold v. People, 23 Colo. 1, 45, Pac. 374; Berghall v. People, 27 Colo. 302, 62 Pac. 228.

Intent is immaterial. The act only is material. Stewart v. King, 140 Ind. 284, 39 N. E. 745.

Disclaimer by contemnor goes to matter of punishment, not to the defense. 9 Cyc. 25; Atlantic P. Co. v. Detmore Powder Co., 9 Fed. 316; in re Clancy, 37 Pac. 1108; In re Marron & Wood, N. M., case not yet reported.

## STATEMENT OF FACTS.

The appellant and respondent was cited to appear before the district judge of Torrance county, N. M., upon the 9th day of March, 1917, to answer an affidavit or information charging him with alleged contempt of court.

The affidavit of George A. Blake, upon which the rule was issued, alleges in substance that Blake was and is the plaintiff in a certain cause pending in the district court of Torrance county against .V. S. Cavin, George W. Prichard, and others; that said cause came on for trial at the November, 1916, term of the court, and that upon that trial one Victorio Ballejos was a witness, and that he testified upon either the 22d or 23d day of November; that during the night after Victorio Ballejos had testified, the appellant and respondent went to the room where Ballejos was sleeping and attempted to persuade and prevail upon him to change his evidence from that given by said Ballejos upon the trial, telling Ballejos in substance:

"That if he did not change his testimony previously given and corroborate the testimony of two other witnesses, who had testified upon the trial of said cause, one George W.

Prichard, who was one of the defendants in said cause, was going to have him, the said Victorio Ballejos, indicted or punished for perjury or false swearing in the giving of his evidence or testimony upon the trial of said cause.   That said Kayser intimidated and threatened said witness by telling him that unless he changed his evidence he would be punished as above stated, and said Augustin Kayser thereafter informed said George W. Prichard and his counsel that he, the said Victorio Ballejos, had admitted that he had sworn falsely in the giving of his testimony upon the witness stand and wanted to change his testimony previously given, and affiant believes, and therefore charges, that the said Augustin Kayser willfully tampered and attempted by threats to procure said Victorio Ballejos to retract and change his testimony.   That the evidence of said Victorio Ballejos was material to the issues involved in said cause."

To this affidavit and information a demurrer was interposed objecting to the jurisdiction of the court and the sufficiency of the information on the ground that it did not charge a contempt.   This demurrer was overruled, with exceptions taken, whereupon the respondent answered, admitting that Ballejos was a witness as stated in the affidavit, and further admitting that he had gone to the room where Ballejos was sleeping and had had a conversation with him, said admission being in the following language:

"(2) He also admits that upon the night of said day, and after the said Victorio Ballejos had testified and fully completed his said testimony, this respondent went to the house where the said Victorio Ballejos was sleeping, but denies that it was about the hour of midnight, and, on the contrary, alleges and states the fact to be that it was about the hour of 10:30 p. m., and further admits that on arriving at the house of said Victoria Ballejos he had a conversation with the said Ballejos about and concerning his testimony so given upon the witness stand during the afternoon of the same date, and admits that in said conversation he told the said Ballejos of a certain conversation he had overheard between one George W. Prichard and E. R. Wright, the attorney of said George W. Prichard in said cause No. 613."

Respondent and appellant denied all of the other allegations of the affidavit, and particularly denied that he at any time threatened or intimidated the said Ballejos, as charged in the affidavit, and specifically denied that he had tampered with any witness or attempted to procure the said Ballejos to retract or change his testimony by threats or otherwise.

Upon the issues so joined, evidence was introduced. At the conclusion of the evidence for the state, a motion to discharge the rule was made upon various grounds, which was overruled, with exception taken. After respondent and his witnesses had testified, the motion to discharge the rule was renewed; it being again overruled with exception taken.

The court finding that the acts complained of, under the proofs, constituted a contempt, the respondent was sentenced to 60 days in jail. From this judgment and sentence appeal was taken to this court. The evidence in the case will be discussed in the opinion.

### OPINION OF THE COURT.

ROBERTS, J. (after stating the facts as above). [1] The first proposition relied upon by appellant for a reversal here is that there was no sufficient information or affidavit of any person having knowledge of the facts. In a majority of the jurisdictions "the affidavit filed as the basis of a proceeding to punish for a contempt, not committed in the presence of the court, must state positive knowledge. If made upon information and belief, it is insufficient." See note to the case of State v. Newton, 16 N. D. 151, 112 N. W. 52, 14 Ann. Cas. 1035. Appellant does not contend that the information in the present case shows, upon its face, that it was made upon information and belief, and indeed no such contention would be justifiable. The affidavit charges the offense in positive terms.

Appellant argues that the evidence in the case shows that Blake, the affiant, could have had no personal knowledge of the matters contained in the information. Blake, the affiant, did not testify as a witness in the case, and there is nothing apparent from the testimony of other witnesses which indicates that Blake had personal knowledge. Likewise, there is nothing in the record to show that he might not have had personal knowledge of the matters alleged in the information. In view of the fact

that Blake was not a witness, did not testify, and the
record discloses no affirmative evidence of his lack of
knowledge, the charge that Blake had no actual knowl-
edge of the facts set forth in his affidavit is not borne out
by the record.  Where the accusation in a contempt pro-
ceeding is in positive terms, and there is nothing in the
record to show that the affiant did not have personal
knowledge of the facts set forth in the accusation, the
fact that the affiant did not testify as a witness in the
case, and that the evidence did not affirmatively show
knowledge on his part of such facts, will not divest the
court of jurisdiction.  It was not necessary in this case
to determine the question as to whether or not an affi-
davit in such a proceeding, based upon information and
belief, would be sufficient to confer jurisdiction upon the
court.  No such affidavit was filed in this case.  As stated
the affidavit was in positive terms.

[2]   The sole question here presented is whether or
not it must affirmatively appear from the evidence that
the affiant had direct and positive knowledge of the facts
alleged and set forth in the petition.  In the case of
State v. Lund, 51 Kan. 1, 32 Pac. 657, it was held that,
where an information is verified by the oath of a private
person, it will be presumed, in the absence of a showing
to the contrary, that he has actual knowledge of the facts
stated therein.  This we believe to be the correct rule.
For this reason the court properly overruled the demur-
rer to the evidence based on this ground.

[3]   The next proposition urged is that the affidavit
wholly fails to set forth or charge any act constituting
contempt of the court.  This assignment is divided into
four subheads, which will be considered in the order set
forth in appellant's brief.  The first is:

"It affirmatively appears that at the time of the transac-
tions and occurrences mentioned in the affidavit, the party,
Victorio Ballejos, was not a witness before the court in which
the contempt is charged to have been committed."

In support of this proposition counsel allege that the
witness Ballejos was in fact no longer a witness before

the court, for the reason that he had concluded his testimony and had been told, "That is all." They state that the process had been obeyed, the witness' testimony had been concluded, and the spell of the process was no longer over the witness. The facts were that Ballejos had testified in the case, had been excused, but had not been discharged from attendance upon the court. The evidence in the case had not been concluded at the time of the transaction charged in the accusation. He was subject to recall at any time. We think the trial court has the power to punish as for contempt any bribery, intimidation, or unlawful interference with a witness in a case on trial before such court until the trial of such case has been concluded and it is no longer possible for such witness to affect the result of the trial by changing his testimony or giving further testimony in the case. Some courts even go to the extent of holding that the witness is still before the court, so that tampering, or bribery, or assault upon such witness constitutes contempt of the court, even though the evidence in the case had been concluded and the case has gone to the jury for its decision (Brannon v. Commonwealth, 162 Ky. 350, 172 S. W. 703, L. R. A. 1915D, 569), and this possibly is the correct rule; but in this case we are not required to go to that extent.

[4] "A constructive contempt is an act done, not in the presence of the court, but at a distance, which tends to belittle, to degrade, or to obstruct, interrupt, prevent, or embarrass the administration of justice." 13 C. J. 5.

[5] Certainly the act charged against appellant tended to obstruct, interrupt, prevent, or embarrass the administration of justice. It was possible for the witness to be recalled in the case. In fact, appellant asked him to take the stand and change his former testimony, and held out to him, for the purpose of inducing him to do so, the fact that the party injured by his former testimony intended to prosecute him for perjury if he did not change his testimony. Therefore there is no justification in appellant's contention in this regard.

It is next urged that there is no allegation in the accusation that the appellant did or endeavored to do anything to prevail on Ballejos to swear falsely or to do anything that would make the transaction a contempt. The allegations of the accusation are that appellant attempted to persuade and prevail upon said Victorio Ballejos "to change his evidence," to "change his testimony previously given and corroborate the testimony of two other witnesses." The accusation says that, "unless he changed his testimony," or "unless he changed his evidence, he might be indicted or punished for perjury or false swearing." Also that appellant "willfully tampered and attempted, by threats, to procure said Victorio Ballejos to retract and change his testimony."

Appellant contends that the accusation nowhere alleged that appellant attempted to procure Victorio Ballelos to swear falsely, to perjure himself, or to give false testimony; and he contends that an attempt to get a man to tell the truth is not contempt of court. He contends that the adjudicated cases all hold that it is contempt of court to use threatening language to a witness about to be examined, or to use either persuasive or threatening language to a witness for the purpose of making him testify falsely, or not to testify, or to attempt to intimidate witnesses, knowing they have been instructed by the court not to talk about the case; and cases of this import will be found cited in notes to section 48, p. 38, 13 C. J. It must be conceded that the cases cited go only to the extent of holding that it is contempt of court to attempt, by threats or bribery, to induce a witness to testify falsely. The question which appellant urges upon the court has, so far as our research has extended, never been decided, and counsel on either side have cited no case directly in point, but, on principle, we do not believe that appellant's contention is sound. The purpose of a trial is to arrive at the truth of the contested issue, and this question can only be ascertained by the testimony of witnesses, and this testimony, if it is to be believed and carry conviction, must be given by the witness without fear or favor. In other words, the witness

must recite the facts as he understands and remembers them, and the testimony which he is to give to the court and jury must not be put into his mouth by others. The ascertainment of truth requires that the witness must tell his own story, in his own words, under the sanctity of his oath, without persuasion, intimidation, or bribery. Here the witness had told his story, and presumptively he told the truth. Appellant informed him that, unless he changed his testimony to correspond with that given by two other witnesses who apparently had testified to a different state of facts, one of the parties to the case, who had apparently been prejudiced by his testimony, would prosecute him for perjury.

Appellant's intention in talking to his friend, Ballejos, may not have been inspired by bad motives, and it may be that he did not want his friend, Ballejos, to testify to anything that was false, but courts of justice cannot tolerate or permit any interference with witnesses by parties or others; and, in order to secure the impartial administration of justice, they must see to it that there is no interference with the witnesses in the case. If appellant's position is sound, then in every case where a witness is bribed or intimidated and the party offering the bribe, or attempting to intimidate the witnesses, brought before the court upon a charge of contempt, the inquiry would necessarily go beyond the question as to whether or not the bribe was offered or the intimidation attempted, and the court would be required to determine whether or not the offending party had attempted to influence the witness to testify to a fact which was not true. Certainly this contention is unsound, and the only inquiry required in such a case is whether or not the party, by threats or bribery, or other unlawful means, attempted to induce the witness to testify to a certain state of facts. It is not the fact, or the truth of a given fact, which such a party desires a witness to testify to, but the unlawful and unwarranted interference with the witness and the course of justice which brings punishment upon the head of the offender. Hence there is no merit in this contention.

[**6**] It is next argued that the affidavit fails to charge that appellant wilfully, knowingly, and with intent did or committed any act which was sufficient to constitute a contempt. It is unnecessary for the accusation to charge the intent in a contempt proceeding. The affidavit is sufficient if the facts therein stated constitute a contempt. If they do, then the intent becomes immaterial. It is the acts done by the contemner and the acts alone that are looked to in a determination of the offense. In the case of Dodge v. State, 140 Ind. 284, 39 N. E. 745, the court said:

"In determining whether or not a contempt has been committed, it does not depend upon the intention of the offending party, but upon the act he has done."

"Disclaimer of intentional disrespect or design to embarrass the due administration of justice is no excuse, especially where the facts constituting the contempt are admitted, or where a contempt is clearly apparent from the circumstances surrounding the commission of the act." 13 C. J. 45.

Here a contempt was clearly apparent from the circumstances surrounding the commission of the act.

The next assignments in counsel's brief are as follows: (a) No offense is charged; (b) there is no contempt proven; (c) there was no tampering with any witness; (d) it affirmatively appears from the evidence that none of the matters complained of amount to a contempt. These points will all be discussed together as they practically involve the same question.

The offense charged in the affidavit and the facts as proved on the trial are practically the same. In substance, the offense charged and the evidence show the following facts: A certain trial was pending wherein the man, Victorio Ballejos, had given certain testimony. The evening after the giving of such testimony the appellant, Augustin Kayser, was present when a certain conversation was had between one of the defendants in the case pending, Col. Prichard, and his attorney, in which Prichard said that he was going to institute a prosecution for perjury against Victorio Ballejos and

have him indicted on account of the testimony the said Ballejos had given that day. It further appears that the appellant, some few hours later, in company with two other men, went to the room where the said Ballejos was sleeping, and appellant related the conversation to Ballejos, and told him that if he did not change his testimony that Col. Prichard was going to have him indicted for perjury. It further appears from the evidence that Kayser and Ballejos were lodge brothers, and were neighbors and friends. The explanation of this conduct is that Kayser was simply acting as a friend of Ballejos, and was endeavoring to protect him, Ballejos, and induce him to tell the truth. It also appears that two other witnesses on the trial of the main case had testified differently from Ballejos, and Kayser endeavored to have Ballejos corroborate the testimony given by these witnesses. The question is, Is this sufficient to constitute a contempt of court?

[**7,8**] Counsel state that the offense of contempt of court is something that tends to belittle, degrade, embarrass, or disgrace the court, or impedes the due administration of justice. We think this statement as a general rule is correct, and that any acts or conduct that does belittle, degrade, embarrass, or disgrace the court or impedes the due administration of justice is a contempt of court. They say the actions of the defendant in this case were to further rather than impede the administration of justice. Supposing this is correct; suppose the only intention of the defendant was to assist the court in the administration of justice, would it be any less contempt? We think not. The general rule is that courts are for the purpose of and it is their fundamental province to administer justice between parties according to the facts established in a given case, and to receive from witnesses their own conception of the facts in any case, without let or hindrance from any person. If a person attempts to influence a witness by means of persuasion, bribery, or otherwise, his acts are none the less contempt because he means well. It is the interference with the witness and the attempt to influence him,

as to the testimony he will or will not give, that consti-
tutes the offense.   Anything that hinders or influences a
witness invades the province of the court to receive un-
biased, unprejudiced, and uninfluenced evidence, and
constitutes to that extent an obstruction of justice.   The
general rule in this regard is stated in 8 R. C. L. § 346,
where it is said:

"The great object of their (courts) existence is the as-
certainment of truth in its relations to the transactions of
men, and this can only be done fairly and impartially when
all persons having knowledge of the transaction inquired of
are brought or allowed to come before them for examination
without let or hindrance from any one."

The above quotation, which appears under the gen-
eral subject of obstructing justice, we think clearly states
the rule applicable to the present case.   There is no dis-
pute but that he went to the man, Ballejos, and attempt-
ed to influence his testimony.   This is admitted through-
out the entire trial, and stands forth plain and uncon-
tradicted.   It alone is sufficient to justify the conviction
of the appellant and authorize the court in fixing the
punishment it did, regardless of the intention of the ap-
pellant.

Counsel insist that there were no threats or other overt
acts shown, no bribery, etc., but this contention is with-
out merit.   When Kayser went to the witness and told
him that a prosecution for perjury would result unless
he changed his testimony to corroborate the testimony of
two other witnesses who had testified differently, he
clearly threatened the witness.   No greater inducement
could be hung over a witness' head than the threat of
indictment for perjury, even though it was made under
the guise of friendship.   Such a guise only makes it the
worse, and is calculated to have more effect.   In the case
of Murphy v. Wright, 167 Iowa, 75, 148, N. W. 985, the
court said:

"The trial courts are charged with the duty and necessity
of guarding their proceedings against everything which inter-
feres, or tends to interfere, with the due and orderly admin-
istration of justice."

Clearly there is no merit in any of the contentions referred to.

[**9**]   It is next argued that appellant had completely purged himself of any contempt by his disclaimer of any intent to contempt the court or show any want of due regard for its authority, and that such disclaimer on the part of appellant was sufficient to purge him of any offense that existed.   This could only avail the appellant in the matter of punishment, not as a defense.   The general rule is:

"Disclaimer of intentional disrespect or design to embarrass the due administration of justice is as a rule no excuse, especially where the facts constituting the contempt are admitted or where a contempt is clearly apparent from the circumstances surrounding the commission of the act."   9 Cyc. 25.

In the case of United States v. Shipp, 203 U. S. 563, 27 Sup. Ct. 165, 8 Ann. Cas. 265, the court said:

"If the presence and the acts should be proved, there would be little room for the disavowal of the intent."

Here the facts constituting the contempt were practically admitted, and the contempt was clearly apparent from the circumstances surrounding the commission of the act.

In the case of Atlantic Powder Co. v. Dittmar Powder Mfg. Co. (C. C.) 9 Fed. 316, the court said:

"Any question of animus can bear only on the extent of punishment."

This case was cited and approved by the territorial court in the case of In re Clancy, 7 N. M. 580, 37 Pac. 1108.

In the matter of the contempt proceedings against Marron and Wood, 22 N. M. 632, 167 Pac. 9, L. R. A. 1918B, 217, this court said:

"In the first place it is to be observed that both respondents disclaim any intent to violate the order of supension. This

disclaimer is entitled to consideration by the court, and under many circumstances might so mitigate the offense as to require no more punishment than a reprimand. They both allege that they took counsel as to their rights under the order, and were advised that their course of conduct was proper. This fact reflects upon the degree of punishment required, but has no effect in relieving respondents of the contempt itself."

See, also, case note to the case of Carson v. Ennis, L. R. A. 1917E, 650.

We think these authorities sufficiently show that, where a contempt is clearly apparent from the circumstances surrounding the commission of the act, the question of disclaimer affects only the punishment, and not the guilt or innocence of the party. It is a matter to be decided by the court after hearing all the evidence, and when it has once been determined by the trial court, who has the advantage of having the witness before him, of hearing his testimony by word of mouth, this court will not disturb the findings of the trial court in that regard.

Lastly, it is argued by appellant that the court erred in refusing to admit evidence proving or tending to prove that the subject of the testimony of Victorio Ballejos, and the fact that it was upon its face incorrect and even perjured testimony, was a matter of general talk, conversation, and discussion at Estancia at the time of the transactions upon which the alleged constructive contempt is based. We fail to appreciate the argument advanced by appellant to sustain the admissibility of this evidence, or to understand how such evidence would tend to excuse or exculpate the interference by appellant with the witness, or his attempt to persuade him to change his testimony. Much that has been heretofore stated in this opinion is equally applicable to this point, and need not be here repeated. It is sufficient to say that the court properly rejected the proffered evidence.

Finding no error in the record, the judgment will be affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.