322 P.2d 713

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jimmie Tom COOPER, Defendant-Appellant.**

**No. 6260.**

Supreme Court of New Mexico.

March 18, 1958.

Neal & Neal, Hobbs, for appellant.

Fred M. Standley, Atty. Gen., Joel B. Burr, Jr., Fred M. Calkins, Jr., Asst. Attys. Gen., for appellee.

McGHEE, Justice.

The father of the appellant, Jimmie Tom Cooper, was a defendant in a civil contempt action for violation of an injunction. The court announced a recess until another witness, a doctor, could be called to testify. The appellant on his way to put some money in the parking meter met three of the witnesses in the trial, who had been excused to return to work, at the foot of the stairs on the floor below the court room and asked one of them, Denton, if he was implying the appellant's mother lied. (Appellant's mother had not been a witness.) Denton answered "no" and the appellant replied in an angry manner either "I'll see you" or "I'll settle with you."

Denton immediately reported the above conversation to his attorney and the court issued a bench warrant for the arrest of the appellant who was summarily tried, convicted of criminal contempt and sentenced to 30 days in jail.

The appellant urges that the court erred in that guilt was not established beyond a reasonable doubt, and that the act complained of did not constitute a threat to the administration of justice.

It is undisputed that appellant, Jimmie Tom Cooper, said to the witness on his way out of the court house either "I'll see you" or "I'll settle with you."

Although the witness, Denton, had been excused to return to work he retained

his status as a witness until the completion of the case in which he was subpoenaed, and he could have, at any time, been recalled to testify or could have, as a result of pressure put upon him, asked to change his testimony. The witness and the appellant were still in the court house. If the courts are to secure the impartial administration of justice, they must protect witnesses, and such protection must certainly extend until the witness has left the court house. State v. Kayser, 1919, 25 N.M. 245, 254, 181 P. 278.

We defined contempt in State v. Kayser, 1919, 25 N.M. 245, 257, 256, 181 P. 278, 282.

"  *   *   * Anything that hinders or influences a witness invades the province of the court to receive unbiased, unprejudiced, and uninfluenced evidence, and constitutes to that extent an obstruction of justice."

"  *   *   * any acts or conduct that does belittle, degrade, embarrass, or disgrace the court or impedes the due administration of justice is a contempt of court."

■ A court is hindered in receiving unbiased evidence when the witness who gives the evidence is told that he will be seen later or settled with later because of the testimony that he has given. The dignity of the court is degraded when witnesses before the court are accosted on their way out of the court house.

In State v. Goff, 1955, 228 S.C. 17, 88 S.E.2d 788, 791, 52 A.L.R.2d 1292, a case very much like the present one, a defendant accosted a witness on the court house steps and asked him if he (the witness) had implied the defendant's wife was a liar. The court finding such action in contempt of court said:

"When the Court is in session, in order to extend its protection to its officers, jurors and witnesses, it must be considered to be present where those persons are required to be in the performance of their several duties. To assault, threaten, or intimidate such persons while attendant upon the Court would be direct contempt."

■ The act of the appellant, Jimmie Tom Cooper, in accosting the witness and saying "I'll see you" or "I'll settle with you" endangered the impartiality of the testimony and the trial and was in contempt of court. The judgment of the lower court is affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and KIKER, JJ., concur.