NOT DESIGNATED FOR PUBLICATION

No. 126,177

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STASHA M. GIFFORD,
*Appellant.*

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Submitted without oral argument. Opinion filed December 6, 2024. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.

PER CURIAM: Stasha M. Gifford pleaded guilty to 22 drug-related charges and was sentenced to 108 months in prison. As a part of the plea agreement, Gifford waived her right to appeal her convictions and any lawfully imposed sentence and agreed to pay all costs and fees. When Gifford's counsel expressed concern that she would be unable to pay the Kansas Bureau of Investigation (KBI) fees because she was going to prison for 108 months, the district court replied: "I don't think it matters for that. That's an assessed fee." Gifford now appeals, asking that the KBI fees be vacated and remanded for reconsideration because the district court failed to recognize its discretion to waive or reduce the KBI fees. Finding no error, we affirm.

1

*Factual and Procedural Background*

Gifford was charged with 22 drug-related counts, including 15 counts of possession of various controlled substances, 2 counts of distribution of a controlled substance, 3 counts of distribution of a controlled substance using a communication device, 1 count of unlawful possession of drug proceeds, and 1 count of trafficking contraband into a correctional facility.

Gifford pleaded guilty to all 22 charges. Although the written pleas were not included in the record on appeal, the State read the terms of the pleas aloud at the plea hearing, and Gifford and her counsel agreed that the terms reflected their agreements with the State. The pleas included a term that "[t]he defendant will waive her right to a direct appeal of both the convictions and any lawfully imposed sentence in the case." The pleas also included that "[t]he defendant will pay any costs associated with this matter including but not limited to court costs, . . . KBI fees, . . . and any other fee assessed by the Court." In exchange, the State would not pursue a racketeering charge against Gifford.

The district court informed Gifford of the trial rights that criminal defendants give up when entering a plea, as well as the more specific waiver of the right to appeal included in Gifford's plea agreements. Gifford told the district court that she understood the implications of her pleas. Before accepting the pleas, the district court again confirmed Gifford's understanding of her right to appeal and her willingness to waive it.

The State provided a factual basis for the pleas. Gifford and her counsel both agreed that the basis was accurate. The district court found that Gifford understandingly, knowingly, intelligently, and voluntarily entered the pleas. The district court then accepted the pleas and found Gifford guilty on all counts.

2

Gifford was sentenced to 108 months in prison and ordered to pay court costs and $6,800 in KBI fees. Gifford's defense counsel and the district court then had the following discussion:

> "MR. O'HARA: Your Honor, I don't know how she's going to be able to afford that.
>
> "THE COURT: Well, I don't know either.
>
> "MR. O'HARA: But I think when we order something, like, restitution like that we have to have the ability to pay it. If she's doing 108 months I don't know how she can pay $6,800.00.
>
> "THE COURT: I don't think it matters for that. That's an assessed fee.
>
> "MR. O'HARA: Well, basically ordering somebody to pay something that they have the inability to pay.
>
> "May I approach, Your Honor?
>
> "THE COURT: Yes.
>
> "So one of these officers will take this down to the clerk's office, file it. Get a copy to give to the registration office. One will go to you, of course, one to Mr. O'Hara and also the jail.
>
> "We are adjourned."

Gifford now appeals.

*Gifford Did Not Waive Her Right to This Appeal in Her Plea Agreement*

Before we address the merits of the parties' arguments, we must address a misconception shared by Gifford and the State—that KBI fees are part of Gifford's sentence. This is incorrect under Kansas law.

KBI fees are not a part of a criminal sentence. K.S.A. 28-176(a) requires any person convicted of a crime to pay a $400 fee anytime laboratory services are provided by KBI as part of the investigation in the case. But costs are generally not a part of the

3

sentence. *State v. Phillips*, 289 Kan. 28, 34, 210 P.3d 93 (2009). For example, the Kansas Supreme Court has held that BIDS attorney fees are not a part of a sentence because they are not punitive—the statutory language shows that the purpose of imposing the BIDS fee is to recoup some of the costs incurred by the State in providing the services of an attorney. 289 Kan. at 36. And the same logic supports KBI fees being defined as costs rather than a part of the sentence, because they are nonpunitive and intended to reimburse KBI for laboratory services provided. Other panels on this court have also held that KBI fees are costs and are therefore not a part of the sentence. See *State v. Garrison*, No. 125,635, 2024 WL 207871, at *1 (Kan. App. 2024) (unpublished opinion); *State v. Perez*, No. 104,702, 2011 WL 5027109, at *2 (Kan. App. 2011) (unpublished opinion).

*This court has subject matter jurisdiction to hear this appeal.*

Gifford argues that this court has subject matter jurisdiction to hear this appeal. She is correct, but not based on the sentencing cases cited in her brief. This court has a duty to question jurisdiction on its own initiative. And our review over jurisdictional issues is unlimited. *State v. Marinelli*, 307 Kan. 768, 774, 415 P.3d 405 (2018).

Subject matter jurisdiction for appeals following a guilty plea is limited by K.S.A. 22-3602(a):

> "(a) Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed. *No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto*." (Emphasis added.)

4

But appeals from a sentence are not precluded under K.S.A. 22-3602(a). *Marinelli*, 307 Kan. at 778. Still, as already established, KBI fees are not a part of a sentence. Instead, when a person who entered a guilty plea seeks to appeal a decision by the district court that relates to neither the conviction nor the sentence, this court has subject matter jurisdiction to hear the appeal based on the first half of K.S.A. 22-3602(a), which grants a broader statutory right to appeal based on a "'judgment . . . decision . . . or intermediate order made in the progress of the case.'" *Marinelli*, 307 Kan. at 787.

Gifford pleaded guilty to the charges in this case. And because neither her convictions nor her sentence is at issue in this appeal, this court has subject matter jurisdiction under the first half of K.S.A. 22-3602(a) to review the district court's decision to impose KBI lab fees. See *Marinelli*, 307 Kan. at 787-88.

*Gifford did not waive her right to this appeal because her plea agreement only waived the right to appeal her conviction and sentence.*

The State contends that Gifford waived her right to appeal any lawful sentence in her plea agreement, and because the $6,800 in KBI fees were imposed pursuant to K.S.A. 28-176(a), the fees were part of a lawful sentence. Accordingly, the State argues that this appeal should be dismissed. Gifford did not file a reply brief responding to this argument and did not address this issue in her appellant brief.

A knowing and voluntary waiver of the statutory right to appeal is generally enforceable. *State v. Patton*, 287 Kan. 200, 226, 195 P.3d 753 (2008) (quoting *State v. Campbell*, 273 Kan. 414, 424-25, 44 P.3d 349 [2002]). But when the waiver occurs as part of a plea agreement, any ambiguity in the extent of the waiver must be construed in favor of the criminal defendant. See *Patton*, 287 Kan. at 228-29; *State v. Bennett*, 51 Kan.

5

App. 2d 356, 364, 347 P.3d 229 (2015). The State has the burden to specify what rights on appeal are waived in a plea agreement. *Patton*, 287 Kan. at 228.

As a part of her plea agreement, Gifford agreed to "waive her right to a direct appeal of both the convictions and any lawfully imposed sentence in the case." But the State's argument that the KBI fees are part of a legal sentence, and thus Gifford waived her right to appeal on this issue, is incorrect—KBI fees are costs and not part of the sentence.

The State has the burden to specify what rights on appeal are waived in a plea agreement. *Patton*, 287 Kan. at 228. And Gifford's plea agreement specified only a waiver of her right to appeal the convictions and any lawfully imposed sentence. Because her appeal of the district court's assessment of costs, including KBI fees, is not an appeal of her convictions or sentence, no waiver has been shown.

*Gifford Shows No Error by the District Court*

Gifford argues the district court erred by failing to understand its discretion to waive or lessen the $6,800 in KBI fees. According to Gifford, the district court's comment that it did not think her ability to pay mattered because it was an "assessed fee" indicates that the district court believed the KBI fees were mandatory. And that belief was an error of law because KBI fees can be lessened or waived if the district court finds indigency. K.S.A. 28-176(c). Thus, Gifford asks the panel to vacate her KBI fees and remand for reconsideration.

As the appellant, Gifford has the burden "to furnish a record that affirmatively shows prejudicial error occurred" in the district court. *State v. Crum*, 286 Kan. 145, 161, 184 P.3d 222 (2008). Absent such a record, the appellate court can presume the district court's actions were proper and the error did not occur. 286 Kan. at 161.

The State contends that Gifford did not create a record showing why the district court refused to waive or lessen the $6,800 in KBI fees. This is because Gifford never clarified whether the district court's statement was a misunderstanding of its discretion or whether its ruling was based on some other grounds.

When the district court ordered $6,800 in KBI fees, Gifford's counsel raised a concern that Gifford would not be able to afford to pay it. The court replied: "I don't think it matters for that. That's an assessed fee." And Gifford's counsel responded: "Well, basically ordering somebody to pay something that they have the inability to pay." Gifford's counsel did not follow up and the hearing was promptly adjourned.

Gifford had the burden to furnish a record that affirmatively showed the district court's error. See *Crum*, 286 Kan. at 161. Yet Gifford's counsel did not clarify what the court meant by saying: "I don't think it matters for that. That's an assessed fee." Nor did Gifford's counsel ask the court to make the finding of indigency that would be required for a district court to have the discretion to waive or lessen KBI fees under K.S.A. 28-176(c). And Gifford's counsel was retained, not appointed. Thus, it is unclear from the record whether Gifford's counsel was arguing that she was indigent.

With only this exchange in the record, Gifford invites us to speculate about whether the district court understood its discretion to waive or lessen the KBI fees under K.S.A. 28-176(c). And the State suggests another reasonable basis for the district court's remark that Gifford's ability to pay did not matter—that Gifford had agreed to pay all costs and fees, specifically including KBI fees—in her plea agreement. Given this fact, the State argues that when the court said: "I don't think it matters for that. That's an assessed fee," the statement more likely referred to Gifford's agreement to pay the fees rather than reflected that the court thought it had no discretion to lessen the fee.

Because Gifford's counsel did not adequately inquire into the district court's reason for stating her ability to pay did not matter, we find no error. See *Crum*, 286 Kan. at 161.

Affirmed.