## LOCKETT *v.* STATE.

Opinion delivered October 18, 1920.

1. CONTEMPT—REFUSAL TO ANSWER QUESTION AS IRRELEVANT.—Where the grand jury had jurisdiction to investigate election frauds, a witness was not privileged to refuse to answer a question by the foreman on the ground that the question was irrelevant.

2. WITNESSES—REQUIREMENT TO ANSWER INCRIMINATING QUESTION.—A witness can be required to answer before the grand jury questions concerning the fraudulent issuance by him of assessment blanks for the purpose of enabling persons to vote, though

his answer would incriminate himself, as, if a crime was committed, his testimony would necessarily involve others, and he was protected by Kirby's Digest, § 3087, providing that his testimony could not be used against him.

3. WITNESSES—INCRIMINATING QUESTION.—It being for the court to determine whether a question calls for an incriminating answer, a witness is guilty of contempt in persisting in refusing to answer a question of the grand jury after the court had ordered him to answer.

4. CONTEMPT—EVASION OF QUESTION.—Where a witness, on being examined concerning election frauds, remembered signing certain assessments on a table, his answer that he did not remember where it was he signed them was equivalent to a refusal to answer, and was punishable as contempt.

5. CONTEMPT—PRESENCE OF COURT.—Since the grand jury is a part of the machinery of the court, a refusal to answer a question asked by the grand jury is punishable as a contempt committed in the presence of the court.

6. CONTEMPT — SENTENCE — REDUCTION OF PUNISHMENT.—Where, in an investigation of certain election frauds, a witness at first refused to answer a question of the grand jury, but on the next day made satisfactory answers to all questions, a judgment imposing a fine of $1,000 and six months' imprisonment will be reduced to $250 and thirty days' imprisonment.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; modified and affirmed.

*Berry H. Randolph* and *James E. Hogue,* for petitioner.

1.    The judgment should be quashed because the question asked was irrelevant, and an answer incriminated him. There was no contempt. 78 Ark. 262; 67 *Id.* 163.

2.    The court exceeded its power in assessing the punishment, as the offense was not committed in the presence of the court. The penalty is excessive. Kirby's Digest, §§ 720-2; Const., art. 7, § 26. 78 Ark. 262 is not in point.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1.    Petitioner's rights were waived, under Kirby's Digest, § 722, when he appeared in person and by counsel and announced ready for trial. 109 Ark. 179.

2. The offense was committed in the presence of the court and is not excessive under our laws. 6 R. C. L., § 5.

3. It was a contempt to refuse to answer the question asked. 90 Wis. 581; 4 Blackst., Com., p. 284.

4. Petitioner, in effect, admits his refusal to answer by giving as his reason that he might incriminate himself. His failure to answer could not have been both failure to remember and fear of incrimination. The answer, "I don't remember," was in effect a refusal to answer and the question was not irrelevant. He was clearly in contempt. 78 Ark. 262.

5. The punishment is not excessive under the circumstances of the case, the importance of the matter and all the surroundings.

HUMPHREYS, J. This is a petition by appellant for writ of certiorari to quash the judgment for contempt against him in the Garland Circuit Court, in which a fine of $1,000 and a jail sentence of six months was imposed by the court. The facts reflected by the record are that appellant was a witness before the grand jury investigating alleged election frauds occurring in the primary election on August 10, 1920. Certain assessment blanks had been signed by appellant, and, in the course of his examination, the foreman of the grand jury propounded the following question to him: "Where were you when you signed this bunch of assessment blanks?" To this question appellant answered: "I don't remember." The grand jury brought appellant before the court and reported that his answer to their question, to the effect that he did not remember, was an attempt at evasion, as he could remember other circumstances about the matter. The court instructed appellant that where all the circumstances showed that he was bound to remember, the answer "I don't remember" would be treated by the court as a refusal to answer. Appellant was commanded to answer the question, and was sent back to the grand

jury room for that purpose, but answered the interrogatory in the same way. Again he was brought before the court and expressed a desire to consult privately with his attorney. The request for a private consultation was refused, but his attorney was permitted to advise him in the presence of the court. The attorney advised him that any answer he might give in answer to the question could not be used against him unless made the basis of a charge for perjury. After receiving this advice, he returned to the grand jury room and refused to make different answer. The court thereupon committed him to jail, and en route he escaped from the custody of the officer. Next day, after a private consultation with his attorney, he returned of his own volition and answered this and all other questions asked, to the satisfaction of the grand jury, after which he entered his appearance to, and was tried, convicted and sentenced upon, a charge of contempt.

Appellant first insists that the judgment should be quashed because the question was irrelevant. The grand jury had jurisdiction to investigate election frauds. Having jurisdiction over the subject-matter, appellant was not privileged to refuse to make answer on the ground that the question was irrelevant. This court so held in *Ex parte Butt,* 78 Ark. 262.

Appellant next insists that the judgment should be quashed because an answer to the question would incriminate him. Fraudulently issuing assessments for the purpose of enabling parties to vote, if a crime, necessarily involved others in the crime. This being the case, no answer made by appellant could have been used against him in a criminal prosecution for the same offense. He was afforded ample protection under section 3087 of Kirby's Digest, which is as follows:

"In all cases where two or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness in relation to such crime or misdemeanor; but the testimony given by such witness shall in no in-

stance be used against him in any criminal prosecution for the same offense."

Moreover, the question of whether the answer would have been self-incriminating was a question for the court to determine and not for appellant. The contempt consisted in refusing to answer a question he had been ordered by the court to answer.

It is next insisted by appellant that the judgment should be quashed because he answered the question, and, for that reason, could not be held in contempt. To say that one does not remember when all the circumstances show to the contrary is clearly an evasion. Such an answer is in effect a refusal to answer. Appellant appeared before the grand jury only a short time after the alleged election frauds. He remembered other circumstances connected with the transaction, such as signing the assessment blanks in question on a table. Certainly, if he remembered that he signed them on a table, he could have remembered where the table was. It required no greater energy of mind to remember one fact than the other. It is an enigma how one could have remembered the thing without remembering the place. In confirmation that his answer was an evasion, on the next day, after consultation with his attorney, he found no difficulty in answering the question to the entire satisfaction of the grand jury.

Again, appellant insists that the court exceeded its power in assessing the punishment, because the contempt was not committed in the presence of the court. The maximum fixed by the statute for contempts committed out of the hearing and presence of the court is a fine of $50 and ten days in jail. The grand jury is a part of the machinery of the court. Under our system of procedure, the court could not function without this strong arm. In the hearing and presence of the court necessarily relates to its constituent, functioning parts. 6 R. C. L. 492, section 5.

Lastly, it is insisted by the appellant that the penalty imposed was excessive. The question under inves-

tigation by the grand jury was of great moment. Our system of government rests largely upon the electorate. Corruption in elections is a direct assault upon this system. The rigid enforcement of the law is the only remedy against crimes of this character, and much latitude should be accorded courts in ferreting out such crimes. We are quite sure the court was impelled to impose this heavy penalty as a warning against such infractions of the law and for the purpose of stimulating the memories of all parties participating in them. There are, however, some mitigating circumstances in this case which appeal to us. After reflection and consultation with an attorney, appellant returned to the grand jury and made full and satisfactory answers to all questions propounded to him touching upon the matter under investigation. Of course, the majesty of the law should be upheld, but we think, in view of appellant's change of heart, the majesty of the law can be sustained in a reduction of the penalty imposed to a fine of $250 and a jail sentence of thirty days.

The judgment is so modified.