17051

THE STATE, Respondent, v. A. M. GOFF, Appellant

(88 S. E. (2d) 788)

18

*Messrs. Epps & Hoffman,* of Conway, *for Appellant,*

*J. Reuben Long, Esq., Solicitor,* of Conway, *for Respondent,*

August 10, 1955.

BAKER, Chief Justice.

This appeal is from a sentence imposed by the Circuit Court upon appellant, after trial before the Court, upon a charge of contempt. The sentence imposed was confinement in the county jail for a period of thirty days.

At the September, 1954, term of the Court of Common Pleas for Horry County, appellant here was a co-defendant with his wife in a civil case tried during that term before Honorable Bruce Littlejohn, Presiding Judge, and a jury. On the second day of the trial the arguments of counsel were completed just prior to the recess for lunch. During this intermission, and prior to the Judge's charge to the jury, a

controversy arose between appellant and one Dutch Mishoe, a witness who had testified for the plaintiffs in the civil action against appellant and his wife. The witness was under subpoena in that case.

The controversy with appellant was reported to the Presiding Judge, and after the jury had rendered a verdict in the civil case, the witness, Dutch Mishoe, was duly sworn in open court in the presence of appellant and his attorney, and upon examination by the Court, testified as follows:

"Q. Mr. Mishoe, state in open court what you told me this afternoon? A. I was sitting on the back door steps, and he come around there.

"Q. Who came around there? A. Adger Goff come and said he would kick me out doors, and he cursed me for a black son-of-a-bitch, and said what he would do for me if I went to Bayboro again.

"Q. When was that? A. This evening.

"Q. Which end of the courthouse? A. Down here at the door towards the jailhouse.

"Q. What were you doing at the time? A. Sitting in the door steps.

"Q. Were other persons present? A. Yes, sir.

"Q. Who was there? A. Archie Rabon and O. H. Hardee and John Baker.

"Q. Did he make any statement to you in reference to your testifying in this case—as to what you said? A. He said I told a lie on his wife. I have not told a lie on his wife. I have not told a lie on his wife or no one else. He said he would kick me off the doorsteps and he would pay for it, that he had a thousand dollars in his pocket, and he showed it to me."

Upon this testimony appellant was ordered by the Court to show cause at the ensuing October term of the Court of General Sessions why he should not be held in contempt of Court.

Appellant filed a demurrer to the rule to show cause as well as a return. The grounds of the demurrer will be considered in the disposition of appellant's exceptions in this appeal. The return is in effect a denial on the part of appellant that he was at fault in bringing on the controversy with the witness, Mishoe, and it contains an express denial that he intended any disrespect to the Court.

The demurrer was overruled by Judge Littlejohn and trial was had before him in which there was testimony offered by the State supporting the version of the controversy originally given to the Court by the witness, Dutch Mishoe. This version was corroborated, and it appeared further that Mr. Mishoe was a man 43 years of age, weighing only 110 lbs., walked bent over with a stick, and that he had been disabled from rheumatism since 1932. Without discussing here the version of the controversy testified to by appellant and his witnesses, it is sufficient to state that there was ample testimony to support the findings of fact by the trial Judge, that appellant did use the language heretofore quoted in the testimony of Dutch Mishoe, and that he made the threat contained therein at the time and place stated.

The Circuit Judge ruled specifically that appellant was charged with a direct contempt under the Common Law and not under a statute. By appropriate exceptions and argument thereon, it is contended, (1) that there was no direct contempt because the conduct complained of did not take place in the courtroom itself nor in the sight or hearing of the Judge; and (2), that if such conduct should be considered a direct contempt on the premise that what happened was in effect contempt in the presence of the Court, then Section 15-12 of the Code of Laws, 1952, controls, and the sentence not being in the alternative of fine or imprisonment cannot stand.

There can be no doubt about the power of the courts of general jurisdiction in this State to punish for contempt. This power is not derived from any statute

but from the common law which from its inception recognized this implied and necessary power, without which contumacious conduct could well destroy the authority of any Court.

Mr. Justice Harlan delivered in 1888 the unanimous decision of the Supreme Court of the United States in the case of *Ex parte Terry*, 128 U. S. 289, 9 S. Ct. 77, 79, 32 L. Ed. 405, 408, in which the following appears:

"* * * In *Anderson v. Dunn*, 6 Wheat, 204, 227 [19 U. S. 204], 5 L. Ed. 242, 247, it was said that 'courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum in their presence, and submission to their lawful mandates.' So, in *Ex parte Robinson*, 19 Wall. 505, 510 [86 U. S. 505, 22 L. Ed. 205, 207]: 'The power to punish for contempts is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts; and consequently to the due administration of justice. The moment the courts of the United States were called into existence and invested with jurisdiction over any subject, they became possessed of this power.' *Ex parte Bollman*, 4 Cranch, 75, 94, [8 U. S. 75, 2 L. Ed. 554, 561]; Story, Const. § 1774; Bac. Abr. 'Courts,' E. And such is the recognized doctrine in reference to the powers of the courts of the several states. 'Summary power to commit and punish for contempts tending to obstruct or degrade the administration of justice,' the supreme judicial court of Massachusetts well said, in *Cartwright's case*, 114 Mass. 230, 238, 'is inherent in courts of chancery and other superior courts, as essential to the execution of their powers; and to the maintenance of their authority, and is part of the law of the land, within the meaning of magna charta and of the 12th article of our declaration of rights.' The declaration of rights here referred to was that which formed part of the constitution of Massachusetts, and contained the prohibition, inserted in most of the American constitutions, against de-

priving any person of life, liberty, or estate, except by the judgment of his peers, or the law of the land. So, in *Cooper's case,* 32 Vt. 253, 257: 'The power to punish for contempt is inherent in the nature and constitution of a court. It is a power not derived from any statute, but arising from necessity; implied, because it is necessary to the exercise of all other powers.' Without such power, it was observed in *Easton v. State,* 39 Ala.[551] 552, the administration of the law would be in continual danger of being thwarted by the lawless. * * *''

It seems clear that direct contempt is involved in a ██ case of the character here. During the term of the Court, and the recesses thereof during the term, the orderly conduct thereof requires protection of all officers of the Court, jurors, attorneys, and others who in the line of official duty are assisting the Court in the present dispatch of its business, and to all witnesses who are in attendance under subpoenas to give evidence in causes pending before it. *State v. Little,* 175 N. C. 743, 94 S. E. 680.

When the Court is in session, in order to extend its ██ protection to its officers, jurors and witnesses, it must be considered to be present where those persons are required to be in the performance of their several duties. To assault, threaten, or intimidate such persons while attendant upon the Court would be direct contempt. *Ex parte Savin,* 131 U. S. 267, 9 S. Ct. 699, 702, 33 L. Ed. 150.

In the case cited above, we find the following:

"* * * We are of opinion that, within the meaning of the statute, the court, at least when in session, is present in every part of the place set apart for its own use, and for the use of its officers, jurors, and witnesses, and misbehavior anywhere in such place is misbehavior in the presence of the court. It is true that the mode of proceeding for contempt is not the same in every case of such misbehavior. Where the contempt is committed directly

under the eye or within the view of the court, it may proceed 'upon its own knowledge of the facts, and punish the offender, without further proof and without issue or trial in any form,' (*Ex parte Terry*, 128 U. S. 289, 309 [9 S. Ct. 77, 32 L. Ed. 405, 410]); whereas, in cases of misbehavior of which the judge cannot have such personal knowledge, and is informed thereof only by the confession of the party, or by the testimony under oath of others, the proper practice is, by rule or other process, to require the offender to appear and show cause why he should not be punished. 4 Bl. Comm. 286. But this difference in procedure does not affect the question as to whether particular acts do not, within the meaning of the statute, constitute misbehavior in the presence of the court. * * *"

■ The meaning of the phrase "in the presence of the court" is defined in 12 Am. Jur., Contempt, Section 5, p. 392:

"In defining what is meant by 'the presence of the court,' as that term is used with reference to contempts, it is said that 'the court' consists not of the judge, the courtroom, the jury, or the jury room individually, but of all of these combined. The court is present wherever any of its constituent parts is engaged in the prosecution of the business of the court according to law. * * *"

■ As the trial Judge held in the instant case, the witness, Dutch Mishoe, was under subpoena and although he had testified in the case and argument of counsel had been completed, the Court had not dismissed him and he remained attendant upon the Court subject to possible recall. The fact that he was not actually recalled does not alter the situation. He retained his status as a witness until the completion of the case in which he was subpoenaed.

The foregoing disposes of appellant's contentions first raised by his demurrer and preserved by exceptions on this appeal. Those exceptions are overruled.

Additional exceptions charge error in the failure to hold the return, and the evidence offered in support thereof, sufficient to discharge appellant.

The intent or purpose of the contemnor must necessarily be ascertained from all of the acts, words and circumstances surrounding the occurrence. As has frequently been said, intent is subjective and not objective. Appellant admits in his written argument that the facts here "were all in dispute." When that is the case and there is sufficient evidence worthy of belief to support the factual findings of the Circuit Judge, this Court will not disturb those findings. *Holliday v. City of Greenville,* 224 S. C. 207, 78 S. E. (2d) 279. The exceptions based upon this contention are overruled.

This leaves only those exceptions challenging the findings of fact as made by the Court as being sufficient to legally base a conviction of direct contempt.

It is sufficient in this regard to point out that in all cases the findings of fact, and for that matter, the conclusions of law, as found by the Court must be considered along with the pleadings and other writings making up the record in the cause. When this is done here, it is evident that the Court did find as a fact that the language and conduct of appellant were intended to and did intimidate and threaten the witness, Dutch Mishoe, concerning his testimony given before the Court.

But even if such were not the case, it has long been held that any omission of a factual finding in the judgment or order of the Court will not be considered good ground for reversal unless it appears that the appellant has suffered prejudice thereby as to the merits of his case. *C. Aultman & Co. v. Utsey,* 41 S. C. 304, 19 S. E. 617. Manifestly, this does not appear here.

All exceptions having been found without merit and overruled, the judgment and sentence is affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.