**Charles Robert OTIS, Petitioner,**

v.

**N. Mitchell MEADE, Judge, Fayette Circuit Court, Respondent.**

Court of Appeals of Kentucky.

June 9, 1972.

James D. Elam, Lexington, for petitioner.

George E. Barker, Commonwealth Atty., Lexington, for respondent.

GARDNER, Commissioner.

Charles Robert Otis was held in contempt of court for failing to appear as a witness in the case of Commonwealth of Kentucky v. Ollie Craycraft and Jack Shirley Jaggers and his punishment was fixed at six months in jail and a $500 fine. His bond for appearance as a witness in the second trial of the same case was fixed at $50,000.[1] He now seeks a writ of prohibition to prevent the enforcement of the contempt order.

Otis asserts that he was not served with a subpoena nor was he recognized to appear. The record discloses that Otis had been jointly indicted with Craycraft and Jaggers as accessories before the fact of selling heroin. Before the trial the case against Otis was dismissed on motion of the Commonwealth. Thereupon Otis was

1. The case of Commonwealth v. Craycraft and Jaggers has been disposed of since the filing of the petition for a writ of prohibition so the question of excessive appearance bond is moot.

served with a subpoena as a witness in the case. He remained in the courtroom during the day he was subpoenaed. That was Wednesday, February 16. Upon adjournment of the court for the day, Otis was called to the bench and respondent notified him that because one of the attorneys could not be present the next day court would reconvene on Friday, February 18. Respondent specifically instructed Otis to return on Friday morning at 9 o'clock.

Otis failed to appear on Friday and the trial was concluded without his testimony. Otis was later arrested, brought before respondent and was asked to show cause why he should not be held in contempt of court for failure to answer when called as a witness. Otis admitted the happenings as outlined above. His excuse appears in the following colloquy of him and respondent:

"THE COURT: Well, why didn't you come back on Friday like I told you on Wednesday evening before you left?

CHARLES ROBERT OTIS: I couldn't afford to put my family in jeopardy, you know.

THE COURT: Somebody was threatening you?

CHARLES ROBERT OTIS: Yes, sir.

THE COURT: Who was that?

CHARLES ROBERT OTIS: Well, that would be the same as being a witness, you know.

THE COURT: Who? Sir?

CHARLES ROBERT OTIS: I can't say, Your Honor."

As noted, Otis was served with a subpoena on Wednesday. It is our opinion that the subpoena created a continuing obligation on his part to be available as a witness until the case was concluded or until he was dismissed by the court. It is stated in State v. Goff, 228 S.C. 17, 88 S. E.2d 788, 792, 52 A.L.R.2d 1292 (1955):

"As the trial Judge held in the instant case, the witness, Dutch Mishoe, was under subpoena and although he had testified in the case and argument of counsel had been completed, the Court had not dismissed him and he remained attendant upon the Court subject to possible recall. The fact that he was not actually recalled does not alter the situation. He retained his status as a witness until the completion of the case in which he was subpoenaed."

Cf. Brannon v. Commonwealth, 162 Ky. 350, 172 S.W. 703 (1915).

In the recent opinion of Miller v. Vettiner, Ky., —— S.W.2d —— (decided May 12, 1972), we pointed out that where a factual issue is presented, a hearing either by the court or by the jury is required. In the instant case, however, there was no factual issue. Otis acknowledged that he was served with a subpoena, that in addition the judge orally directed him to appear as a witness at a certain time and that he did not appear. His excuse was that he was fearful for the safety of his family if he testified. Respondent considered the excuse untenable, and we cannot say he was clearly erroneous.

It must be conceded that disobedience of a subpoena is a contemptuous act. KRS 421.110. Otis argues that the punishment exceeded that provided by KRS 432.230, which limits the punishment to a fine not exceeding $30. In Arnett v. Meade, Ky., 462 S.W.2d 940 (1971), we had occasion to look at KRS 421.140, a statute similar to KRS 432.230 (on which Otis relies) as it relates to punishment meted for contempt. We there held that the statute unreasonably restricted the courts in the administration of justice and, therefore, was unconstitutional. We reaffirmed the holding in the Vettiner case, supra. For the same reasons expressed in Arnett we hold that KRS 432.230, limiting the fine to $30, is unconstitutional.

Otis contends that the amount of punishment (six months in jail and a fine of $500) placed the case in the category of a serious offense as described in Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966), and therefore the punishment could not be exacted without a jury trial. By Cheff v. Schnackenberg the court upheld the lower court's contempt order placing Cheff in jail for a period of six months without a jury hearing. The court justified its ruling on the ground that historically it has been permissible to try persons for petty offenses without a jury. The court added: " * * * we rule further that sentences exceeding six months for criminal contempt may not be imposed by federal courts [2] absent a jury trial or waiver thereof."

We accede to the rule announced in Schnackenberg that a sentence of more than six months constitutes a serious offense requiring the intervention of a jury, but we do not agree with petitioner that the tacking on of a $500 fine to the six-months' jail sentence creates a serious offense in the context of Schnackenberg. It goes without saying that a fine partakes of a different nature of punishment from that of personal confinement. When it set the sentence at not to exceed six months for contempt without a jury trial, we believe the Supreme Court said, in effect, that incarceration should not exceed six months. The court made no expression relative to a fine.

It is argued that an excessive fine is also onerous and there should be a limit beyond which an assessment should not be made without a jury's verdict. We quite agree. We do not believe, however, that the $500 fine passes that point. It is noted that under federal law a misdemeanor, the penalty of which does not exceed imprisonment for more than six months and a fine of not more than $500, is classified as a petty offense. 18 U.S.C. § 1. That appears to be a reasonable classification.

The writ of prohibition is denied.

STEINFELD, C. J., and MILLIKEN, NEIKIRK, OSBORNE, PALMORE and REED, JJ., concur.

EDWARD P. HILL, Jr., J., dissents.

EDWARD P. HILL, Jr., Judge (dissenting).

I do not concur in the result reached by the majority opinion in the instant case for the same reason which impelled me to decline to concur in Arnett v. Meade, Ky., 462 S.W.2d 940.

I do not concur for the further reason that I am firmly of the opinion that conduct justifying a punishment of six months in jail and a $500 fine cannot in reason be classified as a petty offense as found by the august Supreme Court of the United States in Cheff v. Schnackenberg, 385 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629. I may not have any business blasting at a majority opinion of the Supreme Court of the United States, but blast I must even though it may reverberate as a pop gun. It seems to me that the declaration that any punishment not over six months in prison or a fine of $500 must be categorized as a petty offense is arbitrary and unrealistic.

It is upon these propositions that I not only decline to concur, but I dissent from the majority opinion.

---

2. In Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the court held that the right to trial by jury in criminal cases was extended to the states.