**Raven PAYNE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 31, 1986.

Rehearing Denied Feb. 20, 1987.

James D. Harris, Jr., Harlin, Parker & Rudloff, Franklin, for appellant.

David L. Armstrong, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before GUDGEL, LESTER and DUNN, JJ.

DUNN, Judge.

Raven Payne appeals from an order of the Simpson Circuit Court finding him in contempt of court for failing to appear pursuant to a subpoena and imposing a penalty of 90 days in jail and a fine of $250.00.

Payne raises two issues on appeal. He first argues that the contempt proceedings against him denied him due process of law. After failing to appear by a subpoena to testify in the trial of one Paul Phillips, he was arrested on a bench warrant issued by the trial court on October 3, 1985. He was released on bond and ordered to appear at 9:00 a.m. on the next day, October 4. On that date a contempt hearing was held in the trial judge's chambers in the presence of the judge, his secretary and two deputy sheriffs. The sheriffs testified that they had served the subpoenas in question and at that time the trial court found the appellant to be in contempt. After its finding, appellant was afforded an opportunity to make a statement. Thereafter, the trial court imposed a fine of $250.00 and a jail sentence of 90 days of which he was to

serve 30 days over a 90 day period when he was not working.

The appellant argues that minimal due process requires that his hearing be in public, that he be advised of his rights against self-incrimination, and that he be afforded the right to counsel, none of which he received.

There is no question that a witness who fails to respond to a subpoena is subject to punishment for contempt of court. KRS 421.110, RCr 7.02(7), *Otis v. Meade*, Ky., 483 S.W.2d 161 (1972). The procedure in determining contempt and its sentence becomes the true issue in these cases. It is well settled that reasonable notice of a charge of contempt and an opportunity to be heard in defense before punishment is imposed are "basic to our system of jurisprudence." *Groppi v. Leslie,* 404 U.S. 496, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972), *In Re Oliver* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

 In *Oliver, supra,* the court noted that there are some instances where contempt may be found summarily, but this occurs rarely and only under extraordinary circumstances. We do not mean to imply that a full jury trial is required, however, when as in the present case a person is subjected to a jail sentence and fine, his "... right to reasonable notice of a charge against him, and an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence; these rights include, as a minimum, the right to examine the witnesses against him, to offer testimony, and to be represented by counsel." *In re Oliver, supra,* at page 273, 68 S.Ct. at 507. That court further stated at page 278, 68 S.Ct. at 510 as to the holding of a hearing in private, "it is 'the law of the land' that no man's life, liberty or property be forfeited as a punishment until there has been a charge fairly made and fairly tried in a public tribunal. *See Chambers v. Florida,* 309 U.S. 227, 236, 237, 60 S.Ct. 472, 477, 84 L.Ed. 716 (1939). The petitioner was convicted without that kind of trial."

The appellant in the present case was similarly convicted. Therefore, we are REVERSING and REMANDING this case for hearing in accordance with the above which affords the appellant his due process rights, including the right to counsel and the right to a public trial.

As to the second issue involved, whether the court's contempt order should be nullified because of an unlawful arrest of the appellant on a bench warrant for his failure to appear, KRS 421.130 authorizes the court to issue a bench warrant to answer for contempt in the event he fails to attend court in obedience to a subpoena. Therefore, we do not find that his arrest was unauthorized.

We remand this case to the Simpson Circuit Court for proceedings consistent with this opinion.

All concur.