22920

In the Matter of Charles Reuben GOUDE, Respondent.
(374 S. E. (2d) 496)

Supreme Court

*Atty. Gen. T. Travis Medlock,* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*A. Camden Lewis* and *Cameron B. Littlejohn, Jr.,* of *Lewis, Babcock, Pleicones & Hawkins,* Columbia, *for respondent.*

Heard Oct. 17, 1988.

Decided Nov. 14, 1988.

*Per Curiam:*

Respondent is charged with misconduct for his behavior during and immediately following a criminal trial. From a finding of attorney misconduct, the Executive Committee recommends that Respondent receive a public reprimand. We agree with both the finding of misconduct and the recommended sanction.

Respondent, part-time public defender for Georgetown County, was appointed to represent a minister charged with sexually molesting a teenage boy (victim), who testified on behalf of the State.

Despite the presentation of a vigorous defense at trial, the defendant was found guilty. Respondent, admittedly, was extremely upset by the verdict. At sentencing, which immediately followed, he stated to the Court:

> MR. GOUDE: I wish to say on my client's behalf that after a case like this when my client and his prior reputation and background was put on evidence in this stand and all the people come to this court and testify on his behalf and *a little piece of thieving, stealing, juvenile delinquent*—
>
> THE COURT: Mr. Goude—
>
> MR. GOUDE: —to get on the stand and be able to convict my client.... *This thing* that testified against him has suffered no kind of damage.... [Emphasis supplied].

Later, Respondent angrily interrupted during the assistant solicitor's remarks to the Court. As a result of this outburst the trial judge admonished Respondent to address the Court "with a little more respect than which you have."

Respondent's incivility continued into the hallway outside the courtroom. Upon seeing a deputy with his hand on the victim's shoulder, Respondent stated: "You'd better watch out. You might get AIDS." Shortly thereafter, as officers were escorting the defendant through the crowded hallway, Respondent shouted: "I don't see how this jury could convict my client with *this little lying piece of* ----(expletive)." [Emphasis supplied].

The shouting incident in the hallway was reported in the next day's local newspapers, as was Respondent's behavior in the courtroom.

By his conduct in the courtroom, Respondent violated DR 7-106(C)(6), which prohibits a lawyer from engaging in undignified or discourteous conduct degrading to a tribunal. His behavior both in and outside the courtroom violated DR 1-102(A)(5) and (6), which proscribes conduct that is prejudicial to the administration of justice and adversely reflects

on his fitness to practice law. This misconduct warrants a public reprimand.

Nothing in this opinion is intended to discourage lawyers from ardently and vigorously representing their clients. Indeed, Canon 7 of the Code of Professional Responsibility requires a lawyer to represent his client zealously. In doing so, however, he must act in a dignified and professional manner, with proper respect for the parties, witnesses, opposing counsel, and for the Court. When a lawyer fails to conduct himself appropriately, he brings into question the integrity of the judicial system, and, as well, disserves his client.

Public reprimand.