Oscar HALL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 87–CA–1189–MR.

Court of Appeals of Kentucky.

Dec. 29, 1988.

Rehearing Denied March 3, 1989.

William Yesowitch, Appellate Public Advocate, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Vickie L. Wise, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, MILLER and WEST, JJ.

HAYES, Judge:

Oscar Hall appeals from an order entered May 20, 1987, in Montgomery Circuit Court finding him in contempt of court and imposing a 60-day jail sentence. The issue on appeal is whether his due process rights under the 5th Amendment were violated by the procedures utilized.

The facts are as follows. Appellant was allegedly assaulted with a large buck knife by Craig D. White on August 16, 1986. White was indicted for first-degree assault, and appellant was subpoenaed to attend the trial on January 20, 1987. Although it is undisputed that the subpoena was issued on January 16, 1987, and served on January 19, 1987, appellant failed to appear. As a result, Judge James M. Richardson, the presiding judge, granted the defendant's motion to dismiss and issued a bench warrant for appellant's arrest. On January 23rd, appellant appeared before the court to show cause why he should not be held in contempt. The Commonwealth's attorney was present, but appellant was not represented by counsel. When the court inquired as to why appellant had failed to appear, he explained that his brother was going to drive him to the trial, but "then the next day I don't know what happened. He says now—I ain't seen him but through my other brother—he says that his car tore up, but I don't know." Trooper O'Hare then testified that he had personally served appellant. The trial court sentenced appellant to 60 days for his contempt.

On its own motion, the trial court later issued an order requiring appellant to be brought before it on February 19, 1987, for another hearing. On that date appellant appeared with counsel; however, appellant at that time moved the trial judge to recuse himself on grounds of prejudice. The motion was granted on February 27th, but appellant was ordered to remain in custody in the interim. On March 2, 1987, appellant was released, after serving 42 days. On March 3rd, Powell Circuit Court Judge James L. King was appointed as special judge.

On May 20th, another hearing was held with appellant represented by counsel and again appellant was given an opportunity to offer an explanation. Appellant explained that he did not have a driver's license and had hitchhiked from his home to obtain the presence of Renita Spencer at the trial. He wanted her testimony as a witness to the altercation. She would not come, however, as she was not subpoenaed. Hall admitted that he did not inform the Montgomery Circuit Court that he could not appear.

Mary Conn, a witness to the alleged assault, testified that she usually drove appellant wherever he needed to go, but that Paul Cowden told her that appellant did not need to attend the trial. The trial court then held that the previous contempt order was proper, considering the expense caused the Commonwealth, and ordered that appellant serve the remaining 18 days of the sentence.

 Appellant argues that the procedures used in the original show-cause hear-

ing on January 23rd were in violation of his due process rights as set out in *Payne v. Commonwealth*, Ky.App., 724 S.W.2d 230 (1987), and therefore the balance of his sentence must be vacated. In *Payne*, the defendant had failed to appear to testify in a criminal trial. He, too, had been properly served with process. The trial court issued a bench warrant, the defendant was then released on bond, and ordered to appear the following day. On that day a contempt hearing was held in the judge's chambers in the presence of the judge, his secretary and two deputy sheriffs. The defendant was present but not represented by counsel. After the defendant was given an opportunity to make a statement, the trial court found him to be in contempt, imposed a $250 fine and a 90–day jail term, which he was to serve 30 days over a 90–day period when he was not working. This Court reversed, on grounds that the defendant was entitled to a public hearing and counsel's representation. The case was remanded for a proper hearing in accordance with *In Re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948). *Payne* was decided and made final only weeks prior to appellant's initial hearing.

While we agree that the hearing held on January 23rd violated *Payne*, we do not agree that appellant is entitled to have the remaining portion of his sentence vacated. Under *Payne*, the most that he is entitled to is another hearing with the representation and advice of counsel. This appellant already had, on May 20th. Appellant testified, as did another witness on his behalf. Although the order of the specially appointed Judge King "affirms" the order of Judge Richardson, Judge King heard the above testimony and made specific findings and conclusions based on this second hearing. KRS 421.110 declares the disobedience of a subpoena to be a contempt of court. The sentence was wholly proper.

■ The Commonwealth has requested that we clarify the principles established in *Payne* and *Otis v. Meade*, Ky., 483 S.W.2d 161 (1972). In *Otis*, the defendant was arrested for his failure to appear as a witness in a criminal trial. After attempting an explanation to the court, he was fined and sentenced to six months in prison. On writ of prohibition to the Kentucky Supreme Court, it was held that if there is no factual issue presented, no hearing is required. The conflict between our decision in *Payne, supra*, and in *Otis* is that *Payne* is more in line with recent United States Supreme Court decisions superseding the rule announced in *Otis*. Those decisions mandate that a defendant in a criminal contempt proceeding be accorded the right to refuse to testify against himself, be advised of the charges, have a reasonable opportunity to respond to them, and be permitted to have assistance of counsel and the right to call witnesses. *Young v. United States Ex Rel Vuitton Et Fils S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987). *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). *Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925).

Accordingly, the order entered May 20, 1987, in Montgomery Circuit Court is affirmed.

All concur.