524 S.E.2d 837

**The STATE of South Carolina, Respondent,**

**v.**

**Patricia KENNERLY, Petitioner.**

**No. 25035.**

Supreme Court of South Carolina.

Heard Nov. 4, 1999.

Decided Dec. 20, 1999.

*State,* 303 S.C. 539, 402 S.E.2d 484 (1991). *See also Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

618

Clyde C. Dean, Jr., of Orangeburg, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Caroline

C. Tiffin, all of Columbia; and Solicitor Walter M. Bailey, Jr., of Summerville, all for respondent.

TOAL, Justice:

Patricia Kennerly ("Kennerly") seeks reversal of her conviction for contempt. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Kennerly was a juror in the death penalty trial of Gregory Benjamin tried in April 1996 in Orangeburg County. The jury was sequestered during the trial. After the trial concluded, the solicitor of the First Judicial Circuit filed an unverified petition in the General Sessions Court alleging two counts of contempt by Kennerly. The petition alleged: (1) Kennerly did not disclose during individual or group voir dire her relationship with either the defendant Gregory Benjamin or his sister Tina Benjamin, a defense witness; and (2) despite warnings by the Judge to the contrary, Kennerly, on repeated occasions during the guilt phase of the trial, initiated discussions about the case with other jurors. Kennerly stated to fellow jurors she knew the defendant and his sister, Tina, and would not vote for the death penalty. The solicitor alleged that Kennerly's purpose was to "undermine the entire trial and was contemptuous of this Court and the entire judicial system."

A contempt hearing was held on October 28, 1996. On December 11, 1996, the trial court found Kennerly in contempt and sentenced her to six months imprisonment. The Court of Appeals affirmed Kennerly's conviction on June 15, 1998. This Court granted certiorari and the sole issue on appeal is:

Did the Court of Appeals err in holding that the accused was not entitled to dismissal of contempt charges where the alleged contempt occurred during voir dire and conversations with other jurors during the trial, and the proceedings against her were commenced by an unverified petition?

### LAW/ANALYSIS

■ Kennerly argues that since the alleged contempt occurred outside the sight and hearing of the judge, the solicitor's unverified petition was fatally defective. We disagree.

In *Toyota of Florence v. Lynch*, 314 S.C. 257, 442 S.E.2d 611 (1994), we held the failure to attach an affidavit or verified petition to the rule to show cause is fatally defective when the alleged contempt was constructive. Therefore, if Kennerly's contemptuous conduct can be classified as constructive, the solicitor's failure to verify his petition would be fatal.

Constructive contempt is contempt that occurs "outside the presence of the court." *Id.* at 267, 442 S.E.2d at 617; *State v. Johnson*, 249 S.C. 1, 152 S.E.2d 669 (1967). In contrast, direct contempt involves contemptuous conduct occurring in the presence of the court. *State v. Goff*, 228 S.C. 17, 88 S.E.2d 788 (1955). South Carolina courts have always taken a liberal and expansive view of the "presence" and "court" requirements. This State's courts have held the "presence of the court" extends beyond the mere physical presence of the judge or the courtroom to encompass all elements of the system. *See, e.g., State v. Goff, supra; In the Matter of Golden*, 329 S.C. 335, 496 S.E.2d 619 (1998); *In the Matter of Goude*, 296 S.C. 510, 374 S.E.2d 496 (1988).

In two recent attorney disciplinary matters, this Court imposed public reprimands since the attorney's conduct was degrading to the "court." However, neither matter involved conduct which occurred solely in front of the judge or inside the courtroom. In *Matter of Goude, supra*, this Court upheld the trial judge's imposition of contempt against Mr. Goude, and imposed a public reprimand for conduct occurring inside and outside the courtroom in the hallway after the verdict was returned. *See also In the Matter of Golden, supra* (a public reprimand appropriate where the misconduct occurred during two depositions).

In *State v. Goff, supra*, the defendant's contemptuous conduct occurred on the courthouse steps after a witness testified against him. We found the defendant in direct contempt of court stating "[w]hen the [c]ourt is in session, in order to extend its protection to its officers, jurors and witnesses, it must be considered *to be present where those persons are required to be in the performance of their several duties.*" *Goff*, 228 S.C. at 23, 88 S.E.2d at 791. (emphasis added). In *Goff* we stated that the court "consists not of the judge, the jury, or the jury room individually, but all of these combined.

The court is present wherever any of its constituent parts is engaged in the prosecution of the business of the court according to the law." *Id.* at 24, 88 S.E.2d at 792; *see also* 17 AM. JUR.2d *Contempt* § 19 (1990). In Kennerly's case, the conduct occurred in the jury room and at the hotel where the jury was sequestered. The conduct occurred where the jury was required to be, and while the jury was performing their legal duties.

Many states also follow a liberal interpretation of the term "in the presence of the court." In *People v. Higgins*, 173 Misc. 96, 16 N.Y.S.2d 302 (Sup.Ct.1939), the New York Supreme Court found a sheriff in direct contempt for purchasing liquor and having sexual intercourse with the members of the jury he was assigned to guard. The court held "contempt committed in the immediate view and presence of any constituent part of [the court]... is contempt in the immediate view and presence of the court." *Id.* at 305. Since the jury was a constituent part of the court, and the contemptuous behavior was within its sight and hearing, the contempt was deemed "in the presence of the court." *Id.* Other states have also taken the "constituent parts" approach to defining "in the presence of the court." *See People v. Owens*, 42 Ill.2d 451, 248 N.E.2d 104, 105 (1969) (holding defendant in direct contempt where contemptuous conduct occurred not in the "presence of the judge, but in a place set apart for the use of a constituent or integral part of the court."); *Moss v. Arnold*, 75 P.2d 491, 505–506 (Okla.Crim.App.1938) (holding the court is present "wherever any constituent part of the court is engaged in the prosecution of the business of the court according to law."); *Lockett v. State,* 145 Ark. 415, 224 S.W. 952, 953 (1920) ("in the hearing and presence of the court necessarily relates to its constituent, functioning parts."); *see also In Re Caruba*, 139 N.J. Eq. 404, 51 A.2d 446 (1947); 13 Tx. JUR.3d *Contempt* § 2 (1993).

■ Other South Carolina cases have found constructive contempt in instances involving jury tampering. In these cases, the jury tampering took place before the jury was impaneled and before the court was in session. *See State v. Johnson*, 249 S.C. 1, 152 S.E.2d 669 (1967) (holding there was constructive contempt where improper contacts were made with potential jurors before the jury was impaneled); *State v.*

*Weinberg,* 229 S.C. 286, 92 S.E.2d 842 (1956) (holding that improper contact with people drawn for the jury, but who never served, was constructive contempt because it was not in the "presence of or so near the court as to interrupt its proceedings"). To the extent these cases hold tampering with a jury pool is constructive contempt, they are overruled. The jury pool constitutes an integral, constituent part of the court and contemptuous acts within their sight or hearing will constitute direct contempt.

Because Kennerly's conduct occurred within the sight and hearing of an integral and constituent part of the court, her conduct was "in the presence of the court" and constituted direct contempt.

### Conclusion

For the foregoing reasons, the Court of Appeals's finding that no affidavit or verified petition was required since Kennerly was in direct contempt, is **affirmed**.

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.