**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jarret Graddick, Appellant.

Appellate Case No. 2013-002665

––––––––––––––––

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

––––––––––––––––

Unpublished Opinion No. 2017-UP-201
Heard March 7, 2017 – Filed May 17, 2017

––––––––––––––––

**AFFIRMED**

––––––––––––––––

Chief Appellate Defender Robert Michael Dudek, of Columbia, and Steven Edward Buckingham, of The Law Office of Steven Edward Buckingham, of Greenville, both for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Deborah R.J. Shupe, Assistant Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

––––––––––––––––

**PER CURIAM:** Jarret Graddick appeals his conviction of armed robbery, arguing the trial court erred in (1) denying his motion for a directed verdict because the evidence the State presented at trial did not establish his guilt as charged in the indictment, (2) admitting an inculpatory statement by a non-testifying co-defendant in violation of the Confrontation Clause, and (3) failing to sever the trials when the State did not file a motion to consolidate the trials. We affirm.

1. As to whether the trial court erred in denying Graddick's motion for a directed verdict: *See State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998), *aff'd*, 337 S.C. 617, 524 S.E.2d 837 (1999) ("In reviewing a denial of [a] directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review."); *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("A party cannot argue one ground for a directed verdict in trial and then an alternative ground on appeal.").

2. As to whether the trial court's admission of a statement by a non-testifying co-defendant violated the Confrontation Clause: *See State v. McDonald*, 412 S.C. 133, 139, 771 S.E.2d 840, 843 (2015) (providing that the Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him[,]" which includes the right to cross-examine those witnesses (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)); *Ohio v. Clark*, 135 S. Ct. 2173, 2180 (2015) ("[A] statement cannot fall within the [protections of] the Confrontation Clause unless its primary purpose was testimonial."); *State v. Ladner*, 373 S.C. 103, 112, 644 S.E.2d 664, 688-89 (2007) (providing statements made under circumstances that would "lead an objective witness to reasonably believe that the statement would be available for use at a later trial" are testimonial statements); *State v. Davis*, 371 S.C. 170, 178, 638 S.E.2d 57, 61 (2006) (holding an out-of-court statement fell outside the scope of the Confrontation Clause because it was "made outside of an investigatory or judicial context").

3. As to whether the trial court erred in holding a joint trial: *See State v. Garrett*, 350 S.C. 613, 620, 567 S.E.2d 523, 526 (Ct. App. 2002) (providing that co-defendants are not "entitled to separate trials as a matter of right"); *State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Carlson*, 363 S.C. 586, 606, 611 S.E.2d 283, 293 (Ct. App. 2005) (holding an issue was not preserved for review when the defendant failed to raise the objection or join in his co-defendants' objection at trial).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**