**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rodney R. Green, Appellant.

Appellate Case No. 2015-002443

---

Appeal From Sumter County
George C. James, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-187
Submitted April 1, 2018 – Filed May 9, 2018

---

**AFFIRMED**

---

Appellant Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Alphonso Simon, Jr., both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

---

**PER CURIAM:** Rodney Green appeals his convictions of murder, attempted murder, possession of a weapon during the commission of a violent crime, and possession of a stolen handgun for which the trial court sentenced him to life imprisonment without parole (LWOP), thirty years' imprisonment, five years'

imprisonment, and time served, respectively. On appeal, Green argues the trial court erred by (1) denying his motion for a directed verdict on the charge of attempted murder, (2) charging the jury on the doctrine of transferred intent, and (3) denying his motion for a mistrial.[1] We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998), *aff'd*, 337 S.C. 617, 524 S.E.2d 837 (1999) ("In reviewing a denial of directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review."); *id.* ("A defendant cannot argue on appeal an issue in support of his directed verdict motion when the issue was not presented to the trial court below."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

2. As to issue two: *State v. Holland*, 385 S.C. 159, 166, 682 S.E.2d 898, 901 (Ct. App. 2009) ("This [c]ourt will not reverse the trial court's ruling regarding jury instructions unless the trial court abused its discretion."); *State v. Zeigler*, 364 S.C. 94, 106, 610 S.E.2d 859, 865 (Ct. App. 2005) ("A jury charge which is substantially correct and covers the law does not require reversal."); *State v. Williams*, Op. No. 5540 (S.C. Ct. App. filed Feb. 28, 2018) (Shearouse Adv. Sh. No. 9 at 112, 124-25) (providing that in attempted murder cases involving an unintentional victim, "South Carolina's criminal laws require the imposition of the doctrine of transferred intent"); *id.* at 125 ("Section 16-3-29 does not require a specific victim; instead, it states a 'person who, with the intent to kill, attempts to kill *another* person' is guilty of attempted murder." (emphasis added by court) (quoting S.C. Code Ann. § 16-3-29 (2015)); *id.* ("[A]s long as the State has shown the specific intent to kill or commit a murder, the identity of the victim is irrelevant."); *id.* at 122 ("[C]harging the doctrine of transferred intent is proper to convict a defendant of attempted murder regardless of whether a victim, intended or unintended, suffers an injury."); *see also State v. Fennell*, 340 S.C. 266, 272, 531 S.E.2d 512, 515 (2000) ("Although the defendant did not act with malice

---

[1] In his appellant's brief, Green frames the issue of whether the trial court erred in denying his motion for a mistrial as a violation of his right to confront his accusers under the Sixth Amendment Confrontation Clause; however, Green solely addresses the issue under a chain of custody analysis and provides no argument on the alleged violation of his constitutional rights. Therefore, we only address the merits within the context of Green's chain of custody issue.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

toward the unintended victim, the defendant's criminal intent to kill the intended victim (i.e., his mental state of malice) is transferred to the unintended victim.").

3. As to issue three: *State v. Chisholm*, 395 S.C. 259, 265-66, 717 S.E.2d 614, 617 (Ct. App. 2011) ("[W]hether to grant or deny a mistrial is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Herring*, 387 S.C. 201, 216, 692 S.E.2d 490, 498 (2009))); *id.* at 266, 717 S.E.2d at 617 ("A mistrial should be granted only when absolutely necessary, and a defendant must show both error and resulting prejudice to be entitled to a mistrial."); *State v. Hatcher*, 392 S.C. 86, 95, 708 S.E.2d 750, 755 (2011) ("The ultimate goal of chain of custody requirements is simply to ensure that the item is what it is purported to be."); *id.* ("[T]he chain of custody need be established *only as far as practicable*, . . . every person handling the evidence need not be identified in all cases." (emphasis added)); *id.* at 93, 708 S.E.2d 753-54 ("[W]here all individuals in the chain are, in fact, identified and the manner of handling is reasonably demonstrated, it is not an abuse of discretion for the trial [court] to admit the evidence in the absence of proof of tampering, bad faith, or ill-motive."); *id.* at 91, 708 S.E.2d at 753 ("Testimony from each custodian of fungible evidence, . . . is not a prerequisite to establishing a chain of custody sufficient for admissibility." (quoting *State v. Sweet*, 374 S.C. 1, 7, 647 S.E.2d 202, 206 (2007))).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**