**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Timothy Paul Kearns, Appellant,

v.

Falon Elise Odom, Respondent.

Appellate Case No. 2018-000951

———————

Appeal From Greenville County
Katherine H. Tiffany, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-122
Submitted March 1, 2021 – Filed April 21, 2021

———————

**AFFIRMED**

———————

Stephen Lundy Chryst, Jr., of Cordell Law LLP, and J. Falkner Wilkes, both of Greenville, for Appellant.

David Alan Wilson, of Wilson & Englebardt, LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** Timothy Kearns appeals the family court's order denying his request for findings of contempt against Falon Odom. On appeal, Kearns argues the family court erred in (1) failing to find Odom's actions constituted violations of the family court's prior orders; (2) failing to find Odom in contempt based on violations of the family court's prior orders; (3) failing to apply the appropriate

burden of proof when he established a certain provision of a court order as well as non-compliance with that provision; and (4) the award of attorney's fees. Kearns also asserts he is entitled to a remand for an award of attorney's fees and costs based on any change in beneficial results through the appeal of this case. We affirm pursuant to Rule 220(b), SCACR.

Kearns failed to prove by clear and convincing evidence that Odom *willfully* violated any provision from either the January 2012 order (the 2012 Order)[1] or the March 2016 order (the 2016 Order). *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [the appellate c]ourt reviews factual and legal issues de novo."); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("[T]his standard does not abrogate two long-standing principles still recognized by [our] courts during the de novo review process: (1) [the family court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the [family court]."); S.C. Code Ann. § 63-3-620 (2010 & Supp. 2020) ("An adult who wil[l]fully violates, neglects, or refuses to obey or perform a lawful order of the court . . . may be proceeded against for contempt of court."); *Spartanburg Cty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988) (holding a willful act is defined as one done voluntarily and intentionally with the specific intent to fail to do something the law requires to be done; i.e., with bad purpose either to disobey or disregard the law); *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998) ("Civil contempt must be proven by clear and convincing evidence."); *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 760 (Ct. App. 2007) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order." (quoting *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004))); *Wilson v. Walker*, 340 S.C. 531, 538, 532 S.E.2d 19, 22 (Ct. App. 2000) ("Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct."); *Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order." (quoting *Widman v. Widman*, 348 S.C. 97, 120, 557 S.E.2d 693, 705 (Ct. App. 2001))).

---

[1] The relevant provisions on appeal from the 2012 Order were incorporated into the 2016 Order.

First, regarding Odom's change of address, while Odom violated the notification of change of address provision, Kearns failed to prove she did so willfully. *See State v. Bowers*, 270 S.C. 124, 133, 241 S.E.2d 409, 413 (1978) ("The intent or purpose of the contemnor must necessarily be ascertained from all of the acts, words and circumstances surrounding the occurrence. As has frequently been said, intent is subjective and not objective." (quoting *State v. Goff*, 228 S.C. 17, 25, 88 S.E.2d 788, 792 (1955))). Odom testified she notified Kearns in writing of her change in address approximately thirty days after she moved. Further, Odom testified she did not intentionally withhold her new address, and the family court found she provided notice of her new address before Kearns filed his contempt action. Therefore, Kearns failed to show Odom willfully violated the 2012 Order by failing to timely provide her change of address because he failed to show she acted willfully or with bad intent. Even if Odom did willfully violate the 2012 Order, a finding of contempt would serve no useful purpose because Odom complied with the 2012 Order before Kearns filed his contempt action. *See Taylor v. Taylor*, 294 S.C. 296, 300, 363 S.E.2d 909, 911 (Ct. App. 1987) ("The primary purpose of civil contempt is to exact compliance with the court's order, not to punish the contemnor.").

Second, regarding visitation on November 8, 2016, and November 22, 2016, Kearns failed to show Odom willfully or intentionally violated the 2016 Order. The record shows a difference of opinion, confusion, and/or misunderstanding between the parties regarding who was to have Child on November 8 and November 22. *See Welchel v. Boyter*, 260 S.C. 418, 421, 196 S.E.2d 496, 498 (1973) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do. The language of the commands must be clear and certain rather than implied."); *Smith v. Smith*, 359 S.C. 393, 396-97, 597 S.E.2d 188, 189-90 (Ct. App. 2004) (affirming a family court's ruling declining to hold a party in contempt for violating a court order when the language in the order was ambiguous); *Bowers*, 270 S.C. at 133, 241 S.E.2d at 413 ("The intent or purpose of the contemnor must necessarily be ascertained from all of the acts, words and circumstances surrounding the occurrence. As has frequently been said, intent is subjective and not objective." (quoting *Goff*, 228 S.C. at 25, 88 S.E.2d at 792)).

Third, regarding the doctor's appointment, Kearns failed to show Odom willfully or intentionally violated the 2016 Order. The 2016 Order included a provision stating Kearns was not authorized, outside of medical emergencies, to undermine Odom's legal authority to make appropriate decisions concerning Child's medical care. The 2016 Order further provided "[o]ne party shall not schedule nor allow others to

schedule elective matters to do with the child/children on or during the other party's time."  Based on an email Kearns sent to Odom on November 8, 2016, Kearns scheduled a doctor's appointment for Child that day.  Kearns did not present any evidence that the appointment was for a medical emergency.  Because the 2016 Order provides that with the exception of extracurricular activities, Odom had final decision making authority on all major issues affecting the minor child, which includes medical decisions, Kearns was not authorized by the 2016 Order to schedule a doctor's appointment for Child on November 8 or to require Odom to take Child to such an appointment.  Therefore, Kearns failed to show Odom violated the 2016 Order by failing to take Child to the appointment.

Fourth, regarding out-of-state travel, a finding of contempt against Odom for traveling out-of-state with Child without properly notifying Kearns is unwarranted.  Odom affirmatively raised the defense of unclean hands and the record shows Kearns also traveled out-of-state without properly notifying Odom, as he was required to do under the order.  *See Emery v. Smith*, 361 S.C. 207, 220–21, 603 S.E.2d 598, 605 (Ct. App. 2004) ("The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant." (quoting *Wilson v. Landstrom*, 281 S.C. 260, 267, 315 S.E.2d 130, 134 (Ct. App. 1984))).  Because the record supports that both parties failed to strictly comply with the out-of-state notice provision, a finding of contempt against Odom for taking Child out-of-state without proper notice to Kearns is not warranted.

Regarding attorney's fees, the family court did not err in awarding Odom attorney's fees and declining to award Kearns attorney's fees.  *See* S.C. Code Ann. § 20-3-130(H) (2014) (stating the family court has the authority to order a party to pay another party's attorney's fees); *Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019) (holding an appellate court "reviews a family court's award of attorney's fees de novo"); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living.").  Regarding the family court declining to grant Kearns attorney's fees, Kearns was not entitled to attorney's fees because (1) his salary indicates he can pay his own attorney's fees, (2) he was not successful on any allegation against Odom at the hearing or on appeal and he violated or failed to strictly comply with the provisions of the orders in ways similar to Odom, (3) his financial condition is superior to Odom's, and (4) he had sufficient resources to pay

his own legal fees with little to no effect on his standard of living. The family court determined Odom was entitled to an attorney's fees award of $8,500. Regarding the family court's partial award of Odom's attorney's fees, the family court did not err in awarding part of her attorney's fees because (1) after payment of her monthly expenses, Odom has little income available to pay her own fees, (2) she was successful in defending all allegations at the hearing and on appeal, (3) Kearns's financial situation is superior to Odom's, and (4) Odom's standard of living would be affected had she not been granted partial attorney's fees. Therefore, the family court did not err in its determination of attorney's fees. Further, because Kearns failed to prevail on any of the issues regarding contempt on appeal, the issue of attorney's fees does not need to be remanded for further consideration by the family court.

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.